## JOHN GRIFFITHS *vs.* HENRY WOLFRAM & another.

### September 29, 1875.

**Negligence—Duty of Each of Several Persons Engaged in the Same Work to his Co-laborers.**—Where several persons are engaged in the same work, in which the negligent or unskilful performance of his part by one may cause danger to the others, and in which each must necessarily depend for his safety upon the good faith, skill and prudence of each of the others in doing his part of the work, there it is the duty of each to the others engaged on the work to exercise the care and skill ordinarily employed by prudent men in similar circumstances, and he is liable for any injury occurring to any one of the others by reason of a neglect to use such care and skill.

**Same—Each Liable for his Own Negligence Only.**—But to make one liable for such an injury, it must be the result, not merely of a defect in the work, but of a defect occurring from his neglect.

Appeal by defendants from an order of the district court for Blue Earth county, *Waite*, J., presiding, refusing a new trial.

*D. Buck* and *Pfau & Bell*, for appellants.

*Severance & Dickinson* and *A. C. Woolfolk*, for respondent.

GILFILLAN, C. J. Defendants, as partners, were erecting a machine-shop on their own ground in Mankato. One Wysong, a bricklayer, was doing the brick-work for the engine-room, furnishing labor and materials at so much per thousand bricks, under a special contract with the defendants. Among other things, he was constructing in the cor-

ner of the engine-room a small apartment, seven or eight feet square, to be used as a place of deposit for shavings. This apartment was to be covered with a brick arch. A wooden frame-work, (or, as it is styled in the complaint, a centre-piece,) over which to build the arch, was by defendant, Paus, prepared and put upon the walls from which the arch was to spring. As to whether it was incumbent on defendants or on Wysong to prepare and put up the centre-piece, was disputed, the plaintiff claiming that it was for the defendants to do it, and the defendants that it was for Wysong, and there was evidence for and against both claims. As to whether or not the centre-piece was properly and suitably prepared and put up, with reference to the purpose for which it was to be used, the testimony was conflicting. The plaintiff, being in Wysong's employ, was, with Wysong and one Faddis, engaged as a bricklayer in building the arch. While they were thus engaged, and when the arch was nearly completed, the centre-piece gave way, and the plaintiff fell to the ground, a distance of twenty to twenty-five feet, whereby he was grievously injured. As to what caused the centre-piece to give way the parties disagree, the plaintiff claiming that it resulted from defects in its material, or the mode of its construction, including in the term " construction " the manner in which it was put up and supported in the place where it was to be used; the defendant, on the other hand, claiming that the centre-piece was in every respect suitable to the purpose for which it was required; that it was properly put up; and that the fall was occasioned by the spread of the walls on which the ends of the centre-piece rested, or by overloading it with workmen, or with the materials out of which the arch was being constructed. There was evidence having some tendency, greater or less, to support these claims of both parties. As to the spread of the walls, asserted by defendants and denied by plaintiff, there was evidence tending to show that it was owing to the defective construction of the same by Wysong. The evi-

dence also showed that the plaintiff was one of Wysong's employés, and was in no degree under the control of defendants, but was under Wysong's control exclusively.   There was no evidence of any communication between defendants and plaintiff as to the centre-piece or the work, nor of any fraudulent intent, or any wilful design to endanger or injure the plaintiff, on the part of defendants.   The other evidence in the case need not be specially referred to.

If it was the business of Wysong to construct the centre-piece, and the defendants constructed it for him as his employés or agents, then if they constructed it precisely according to his directions, and with such material as he directed, he alone determining how or of what material it should be constructed, the negligence, if any, was his negligence, and not theirs, and the liability was his, and not theirs.   But, although it may have been the business of Wysong to construct the centre-piece, and they may have acted only as his employés or agents in building it, if they were guilty of negligence—if they, through neglect of proper care or skill on their part, either in the workmanship or in the use of materials selected by them, constructed it of insufficient strength for such use as it would ordinarily be put to for the purpose intended—it would not affect their liability that there was concurring negligence on his part. On the other hand, if it was their business, and not the business of Wysong, to construct the centre-piece, then any negligence in its construction was theirs exclusively.

Whoever was guilty of the negligence, if there was any, is liable to plaintiff, unless there was contributory negligence on his part, for any injury which he sustained by reason of it.   This liability does not rest upon any duty imposed by privity of contract, for in such cases there may not be, and frequently is not, any such privity.   But the duty of each to do the work with proper care grew out of the relation which existed between them as persons engaged in the same work; for where several persons are engaged in the same

work, in which the negligent or unskilful performance of his part by one may cause danger to the others, in which each must necessarily depend for his safety upon the good faith, skill and prudence of each of the others in doing his part of the work, then it is the duty of each to the others engaged in the work to exercise the care and skill ordinarily employed by prudent men in similar circumstances.

It is of no significance that the centre-piece was completed before the work of the masons began. It was built for the purpose of constructing the arch; the arch could not be constructed without it; it was as much a part of the work of constructing the arch as though the building of it had gone on simultaneously with the work of the masons in laying the brick. The masons had to depend on it in doing their part of the work; if it was not of sufficient strength, it was dangerous to them in doing their part of the work. The person, therefore, to whose negligence, if there was any negligence, the insufficiency of the centre-piece for the purpose intended was due, is liable to plaintiff for the injuries he sustained in consequence of it, unless his negligence contributed to bring about such injuries.

This statement of the general rule applicable to the case disposes of most of the questions raised on the trial, and no reference in detail to such questions is necessary. The motions to dismiss the action were properly denied. We see no error in the decision of objections to testimony. The order in which the evidence of plaintiff should be given was in the discretion of the court, and such discretion does not appear to have been improperly exercised.

The case appears, however, to have been sent to the jury upon the theory that negligence was not a necessary element of the defendants' liability. In no part of the charge were they instructed that they must find that there was negligence. The rule was laid down to them that, "if, under the contract with Wysong, it was the duty of defendants to furnish the frame-work—i. e., the centre-piece—and if the

accident occurred by reason of its defective construction, either in the use of poor material or otherwise, they would be liable to the plaintiff in damages ; but if it was the duty of Wysong to furnish this frame-work, and it was defective, he would be the party liable in damages if the accident occurred on account of its being defective."

This made the defendants' liability entirely independent of negligence on their part, and for this reason there must be a new trial.

Order reversed.