EDWIN VAN ANTWERP, Appellant, v. EDWARD F. LINTON and Others, Respondents.

*Principal and agent — agent liable to third parties for misfeasance not for non-feasance.*

An agent or servant is not liable to a third person for non-feasance in his employment; as between himself and his master he is bound to serve the master with fidelity and for a breach of his duty he becomes liable to the master, who in turn may be charged in damages for injuries to third persons occasioned by the non-feasance of the servant. For misfeasance, however, the agent is generally liable to third parties suffering thereby.

In an action brought against a corporation known as "The Brooklyns, Limited" and Edward F. Linton and others to recover damages resulting from alleged negligence by which the plaintiff was injured, it appeared that the individual defendants were appointed a committee of the board of directors of the corporation to put certain grounds in condition for a game of foot ball. "The Brooklyns, Limited," having made default, the question before the trial court was as to the liability of the individual defendants. The individual defendants had no lease of the grounds, and the sole ground upon which the plaintiff sought to charge them with liability was that they were appointed a com-

mittee by the board of directors of the corporation to erect a stand and otherwise provide for the reception and convenience of the public, and that, by their negligence, there was a defective construction of the grand stand which fell and occasioned the injury complained of.

Upon the appeal from a judgment dismissing the complaint,

*Held*, that the corporation, being a domestic corporation organized under the laws of the State of New York, and being in possession of the premises when the stand was erected and at the time of the accident, liability against the individual defendants could not be predicated upon their being directors, officers or stockholders in such corporation;

That as the negligence charged constituted non-feasance and not misfeasance, the individual defendants were not liable to the plaintiff for the accident, and that the complaint was properly dismissed.

FOLLETT, J., dissenting.

APPEAL by the plaintiff, Edwin Van Antwerp, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 28th day of March, 1895, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*Franklin Pierce*, for the appellant.

*Edward W. S. Johnston*, for the respondents.

PARKER, J. :

This appeal brings up a judgment entered on the dismissal of the complaint, after the opening address to the jury by plaintiff's counsel, which was taken down. From the complaint and opening it appears that the plaintiff was injured by the fall of the grand stand at the Yale-Princeton football game on Thanksgiving day, 1890, on grounds in possession of " The Brooklyns, Limited," a corporation organized under the laws of the State of New York.

The action was brought against " The Brooklyns, Limited," and Messrs. Linton, Chauncey and Wallace, who were appointed a committee of the board of directors of " The Brooklyns, Limited," to put the grounds in condition for the exhibition of the game.

" The Brooklyns, Limited," made default, and the question presented to the trial court, upon the motion to dismiss the complaint, was whether, from the complaint and opening, a cause of action against the individual defendants was stated ? It was conceded that the individual defendants did not have any lease from " The Brooklyns, Limited," nor any one else, running to them, and the sole ground

# VAN ANTWERP *v.* LINTON. 419

upon which the plaintiff sought to charge them with liability was, that they were appointed a committee by the directors of the corporation to erect a stand and otherwise provide for the reception and convenience of the public, and that by reason of their negligent omission of duty there was a defective construction of the stand, which led to its falling, resulting in injury to the plaintiff. As it was conceded that " The Brooklyns, Limited, " was a domestic corporation duly organized under the laws of this State, and in possession of the premises when the stand was erected, and also at the time of the accident, liability against the individual defendants could not be predicated upon their being directors, officers or stockholders in such corporation. (*Demarest* v. *Flack*, 128 N. Y. 205.)

That they were the agents of the corporation in directing and superintending the erection of the stand was assumed by the learned trial judge, as he was bound to do, upon the complaint and opening, and he reached the conclusion that the acts with which they were charged constituted non-feasance, and not misfeasance. If he was right in such respect it is conceded that the complaint was properly dismissed, for whatever may be the rule in other jurisdictions, it is conceded that in this State an agent or servant is not liable to third persons for non-feasance. As between himself and his master he is bound to serve him with fidelity, and for a breach of his duty he becomes liable to the master, who in turn may be charged in damages for injuries to third persons occasioned by the non-feasance of the servant. For misfeasance the agent is generally liable to third parties suffering thereby. The distinction between non-feasance and misfeasance has been expressed by the courts of this State as follows: " If the duty omitted by the agent or servant devolved upon him purely from his agency or employment, his omission is only of a duty he owes his principal or master, and the master alone is liable. While if the duty rests upon him in his individual character, and was one that the law imposed upon him independently of his agency or employment, then he is liable." (*Burns* v. *Pethcal*, 75 Hun, 443.)

Appellant urges that although these individual defendants were charged by the corporation with the duty of erecting this stand, and the acts complained of consisted in omitting to provide for a construction of sufficient strength to withstand the strain to which it

was subjected, nevertheless they were guilty of misfeasance rather than non-feasance.

With commendable diligence he has brought to our attention authorities in other jurisdictions tending to support his contention, but we refrain from their consideration, because it is our understanding that the courts of this State have determined otherwise.

In *Murray* v. *Usher* (117 N. Y. 542) the plaintiff, while employed upon a platform in a saw mill belonging to two of the defendants, sustained injuries by reason of its falling which occasioned his death. His administrator brought an action against the owners of the mill and one Lewis, who was their superintendent, having general charge of the business, and being specially instructed to look after the necessary repairs, which included the duty of inspecting the platform from time to time, to see that it was kept in a safe condition.

Judgment was recovered against all of the defendants. In the Court of Appeals the question of the superintendent's liability was considered, the court holding that the omission of the superintendent to perform the duty devolving upon him constituted non-feasance for which he was not liable in a civil action, but that his employers were. That case, it will be observed, is directly in point with the one under consideration. Lewis, the superintendent, neglected to perform the duty which his employers intrusted to him, and such neglect led to the fall of the platform, which caused plaintiff's injury. In this case the defendants were engaged in superintending the erection of the stand; as more than one was charged with such duty, they were called a committee, but the duties devolved upon them were of the same general character as in *Murray's* case, and the charge is that the fall of the stand was due to their neglect to properly discharge the obligations put upon them by the corporation.

In *Burns* v. *Pethcal* (*supra*) an attempt was made to recover of a foreman for the loss of the life of an employee, due, it was charged, to the omission of the foreman to warn the dead man of the danger of working in a particular place. There was a recovery at the Circuit, but the General Term reversed the judgment, holding that a servant is not liable jointly with his master where the negligence of the servant consists of an omission of a duty devolved upon him by his employment, although he may be liable

where he omits to perform a duty which rests upon him in his individual character, and one which the law imposes upon him independently of his employment.

These cases fully sustain the decision of the trial court.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred ; FOLLETT, J., dissented.

Judgment affirmed, with costs.

