JOHN D. BROWER v. NORTHERN PACIFIC RAILWAY COMPANY and
Another.[1]

January 7, 1910.

Nos. 16,288—(97).

**Negligence — Liability of Fellow Servant.**
Whether a negligent servant is liable in an action by another servant in
the employ of the same master depends upon the common-law obligation to
so conduct himself as not to cause injury to another, and does not rest upon
the duty imposed by privity of contract.

**Same — Liability of Engineer to Fireman.**
A locomotive engineer, charged with the duty of keeping the water gauge
on the engine in repair, and who, in replacing a broken gauge, negligently
failed to protect it with the usual guard, is liable· to his fellow servant, the
fireman, who was injured by an explosion of the gauge.

**Complaint Good Against Demurrer.**
The complaint states facts sufficient to constitute a cause of action.

Action against defendant company and John P. Klovstad in the
district court for St. Louis county to recover $20,750 damages for
personal injuries. From an order, Dibell, J., overruling the demurrer
of defendant Klovstad to the complaint, he appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*John Jenswold, Jr.,* for respondent.

LEWIS, J.

The complaint alleges that defendant railway company is or-
ganized and engaged in the transportation of interstate commerce,
and that appellant, Klovstad, was at the time of the injury herein-
after stated an employee of defendant, and "by and under it given
full, direct, immediate and exclusive personal charge, control and
supervision of the locomotive engine upon which plaintiff was em-
ployed at the time of his injuries, and of its care and management,
as well as full authority to direct and control the movements of the

[1]Reported in 124 N. W. 10.
109 M.—25

plaintiff in his work as herein referred to;" that respondent was in the employ of that company as a fireman on a switch engine, upon which appellant, Klovstad, was engineer and in charge; that the engine boiler was equipped with a glass gauge, which was provided with a guard to protect employees on the engine from flying glass in case of an explosion; that such gauge exploded, and "that thereupon the defendants did, by and through the defendant Klovstad, who was then and there in the exclusive control and charge of said engine, replace said gauge with another one; but they did carelessly and negligently fail and omit to provide a gauge which was reasonably safe and sufficient for said purpose, and in like manner they failed to provide or place any guard around the same, but continued the use thereof upon said engine while working without any guard whatever until after the injury herein complained of."

The complaint further states that respondent was ignorant of any risks or dangers connected therewith, and that defendants had knowledge of such fact, but notwithstanding the same they carelessly and negligently failed and omitted to warn or inform him of any dangers connected therewith, but directed him to continue his work in the vicinity of the gauge, and that defendants carelessly, negligently and falsely assured respondent that there was no danger in not having a guard around the gauge, and ordered and required him to continue his work as a fireman; that defendants had and exercised the exclusive direction, control, management, use and operation of the gauge and engine, and every part thereof, as well as its repair and operation; that respondent relied upon the superior knowledge and experience of defendants, pursued his work, and was injured by the explosion of the gauge.

The complaint was demurred to by appellant, Klovstad, upon the ground that it failed to state facts sufficient to constitute a cause of action.

It is urgently contended by appellant that there is no statement in the complaint that it was the duty of appellant to repair or maintain any part of the engine, including the replacing and guarding of the gauge, and that it is not alleged that Klovstad knew that the gauge on his engine was unsafe, or that he knew that a failure to have a

**guard** on it was unsafe, or that it was unsafe for respondent to continue his work at his place as fireman, or that appellant had any knowledge or experience in the matter superior to that of respondent.

It fairly appears from the complaint that appellant was in full and exclusive charge and control of the engine, and had full authority over the movements of respondent, and when a gauge broke, or the guard around it got out of repair, it was a part of his business to put in another gauge and place a guard over it; that appellant negligently failed to provide the new gauge with a guard, and directed respondent to work in proximity to it while unguarded. That the company and the engineer are both charged with these duties and acts of negligence is not important. The essential element to a complaint in this class of cases is: The fact must appear that the servant charged with negligence was engaged in the performance of his duties as a servant, and that by reason of negligence in such performance his coservant was injured.

Whether a negligent servant is liable in an action for damages by another servant in the employ of the same master depends upon the common-law obligation to so conduct himself as not to cause injury to another, and does not rest upon any duty imposed by privity of contract. Griffiths v. Wolfram, 22 Minn. 185; Osborne v. Morgan, 130 Mass. 102, 39 Am. Rep. 437; Warax v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637; Charman v. Lake Erie & W. R. Co. (C. C.) 105 Fed. 449; Atkins v. Field, 89 Me. 281, 36 Atl. 375, 56 Am. St. 424; Dudley v. Illinois, 29 Ky. Law 1029, 96 S. W. 835, 13 L. R. A. (N. S.) 1186; Ward v. Pullman Car Corporation (Ky.) 114 S. W. 754; Baird v. Shipman, 132 Ill. 16, 23 N. E. 384, 7 L. R. A. 128, 22 Am. St. 504. As stated in Griffiths v. Wolfram, supra: "Where several persons are engaged in the same work, in which the negligent or unskilful performance of his part by one may cause danger to the others, and in which each must necessarily depend for his safety upon the good faith, skill, and prudence of each of the others in doing his part of the work, there it is the duty of each to the others engaged on the work to exercise the care and skill ordinarily employed by prudent men in similar circumstances, and he is liable for any injury occurring

to any one of the others by reason of a neglect to use such care and skill."

From the facts stated in the complaint it satisfactorily appears that appellant undertook the execution of the duty of replacing the gauge, and that he performed it negligently; hence his act was one of misfeasance, and not one of nonfeasance. This fact distinguishes the case from Drake v. Hagan, 108 Tenn. 265, 67 S. W. 470, and Van Antwerp v. Linton, 89 Hun, 417, 35 N. Y. Supp. 318. Strictly speaking, the act of the engineer in failing to put on the guard, was nonfeasance—that is, in not doing an act which he was required to perform; but the distinction between misfeasance and nonfeasance is sometimes fanciful. Mr. Justice Jaggard calls attention to this fact in his work on Torts at pages 288, 289, where he says: "The thinness and uncertainty of the distinction between the misfeasance, malfeasance and nonfeasance leaves an exceedingly unstable basis on which to rest an important principle of liability."

Affirmed.