# MARY C. MOREY v. SHENANGO FURNACE COMPANY and Another.[1]

October 7, 1910.

Nos. 16,333—(136).

**Pleading.**

In an action against the employer and its general superintendent, for the death of plaintiff's intestate, the complaint was held good against the superintendent's demurrer, although it failed to allege any act on the part of the superintendent which was the proximate cause of the accident. [Reporter.]

[1]Reported in 127 N. W. 1134.

Action by the administratrix of the estate of Nelson L. Morey, deceased, against Shenango Furnace Company and Daniel Peacock, in the district court for St. Louis county, to recover $5,000 for the death of her intestate while in the employ of defendant furnace company. From an order, Dibell, J., overruling defendant Peacock's demurrer to the complaint, he appealed. Affirmed.

Howard T. Abbott, for appellant.

William E. Culkin and John E. Samuelson, for respondent.

PER CURIAM.

Plaintiff, as administratrix of one Morey, deceased, brought this action against defendant furnace company, for which company he had worked in the capacity of an engineer upon a steam shovel, and the general superintendent of the company. The complaint, among other things, alleged that "by reason of the negligent and careless conduct of said defendants in (1) failing to employ competent servants for that purpose, and by reason of the careless and (2) negligent conduct of said defendants in employing employees who could not understand or talk the English language and appreciate the orders given to them, and (3) by reason of the negligent failure of said defendants to promulgate and enforce rules as aforesaid, and (4) by reason of the defendants' negligent failure to instruct said pitmen of the dangers in coming in contact with said levers as aforesaid, and (5) by reason of the defendants' negligence in employing pitmen who could [sic] understand and appreciate the orders given to them, and (6) by reason of each and all of said negligent acts and conduct on the part of said defendants, one of said incompetent pitmen attempted to and did get into the engine house of said car, where said levers as aforesaid were so located, and by reason of said pitman's incompetency, ignorance, and lack of intelligence, and by reason of each and all of said acts of negligence of said defendants, and by reason of said defendants' failure to caution and instruct said incompetent servants of the dangers of coming in contact with said unprotected levers aforesaid, said pitman came in contact with said levers in said engine house so carelessly, negligently, and wrongfully allowed to be and remain in such unguarded, unprotected, and unfenced condition aforesaid, and wholly and entirely on account of each and all of said aforesaid acts of negligence of said defendants, and by reason thereof started said machinery." (The numbers are ours.) Plaintiff's decedent was attempting to cross the engine house to reach the levers for the purpose of stopping the same. By reason of the vibration by the engine plaintiff's decedent was thrown off his balance and fell. His clothing was caught, and he was killed, to the damage of plaintiff in the sum of $5,000.

To this complaint defendant [Peacock] demurred, on the ground that the complaint did not constitute a cause of action against defendants, or either of them. This appeal was taken from the order of the trial court overruling the

112 M.—34.

demurrer. .The defendant's demurrer rests on the distinction that the superintendent did not commit a tort on the person of the plaintiff, directly or indirectly; that he was not present when the wrongful act was done; and that any remission in the respects alleged was the clearest sort of nonfeasance. Defendant accordingly appeals to the familiar distinction formerly observed between misfeasance, nonfeasance, and malfeasance, and insists that the court erred in overruling the demurrer.

1. This court has accepted the view that if a servant owes a duty to a third person, and violates that duty, he is responsible because of his wrongdoing, and not because of the positive or negative character of his conduct. Griffiths v. Wolfram, 22 Minn. 185; Jaggard, Torts, 289. Essentially the same question was considered by this court in Brower v. Northern Pacific Ry. Co., 109 Minn. 385, 124 N. W. 10, 25 L.R.A.(N.S.) 354, and determined adversely to defendants there. That concludes defendants here.

2. Defendant further urges in support of the demurrer that the complaint shows that the proximate cause of the injury was not the negligence of the pitman, who was a fellow servant with the plaintiff's intestate, and that all the failure of defendant Peacock alleged in the complaint was shown to have been the remote, and not the proximate, cause of the injury in question. The question of proximate cause is primarily one of fact. It can best be considered and determined when the actual facts which occurred in a particular transaction have been developed upon trial. Construing the complaint, as we must, favorably to the plaintiff, we feel constrained to hold it good on this point as against the demurrer.

Affirmed.