## OSCAR E. JACKSON v. ORTH LUMBER COMPANY and Another.[1]

May 23, 1913.

Nos. 18,047—(128).

**Allegation of negligence sufficient.**

1. A belt over unguarded machinery having come off the pulley, an allegation, in effect, that defendant, the manager of the mill, negligently threw it to deceased over the unguarded machinery, suddenly and without warning, and directed him to catch it and keep it out of the machinery, in attempting to do which he was caught in the machinery and killed, sufficiently charges actionable negligence.

**Joinder with another cause of action.**

2. Such a charge of negligence may properly be united with a charge of negligence against the owner of the machinery for failure to guard as required by statute.

Action in the district court for Itasca county by the administrator of the estate of A. O. Clyde, deceased, against the Orth Lumber Company and F. M. Grimm to recover $5,000 for the wrongful death of plaintiff's intestate. From an order, Stanton, J., overruling defendants' demurrer to the complaint, it appealed. Affirmed.

*Colin W. Wright,* for appellants.
*Montreville J. Brown,* for respondent.

TAYLOR, C.

Both defendants demur to the complaint on the ground that a cause of action against the defendant lumber company, and a cause of action against the defendant Grimm, are improperly united. Defend-

[1] Reported in 141 N. W. 518.

Note—For common practice as the measure of master's duty to guard machinery, see note in 16 L.R.A.(N.S.) 140. And as to what is comprehended in expression "machinery of every description," in statutes imposing duty on master as to placing guards, see note in 30 L.R.A.(N.S.) 36.

ant Grimm also demurs upon the further ground that the complaint fails to state a cause of action as against him.

It appears from the complaint that the lumber company owns and operates a sawmill of which defendant Grimm has full charge as general manager; that certain wheels, gears, and machinery in the mill, which it was practicable and feasible to guard and protect, were negligently left unguarded and unprotected in violation of law; that A. O. Clyde, an employee in the mill, was inexperienced and did not understand or appreciate the dangers and risks attending work about this unguarded machinery; that the defendants negligently failed to warn or instruct him as to such dangers, and negligently failed to furnish him a reasonably safe place in which to perform his work; that, by reason of the negligence of defendants, said Clyde was caught in these unguarded gearings and received injuries which caused his death, and that plaintiff as administrator of the estate of said Clyde brings this action for the benefit of his widow and children.

In addition to the foregoing, and other allegations not referred to above, the complaint describes the happening of the accident as follows:

The employee, Clyde, "was engaged at work in the immediate vicinity of uncovered and unguarded dangerous machinery in motion which was practical to guard as hereinbefore alleged, and a belt extending from a shaft above aforesaid machinery became detached. Defendant Orth Lumber Company through its said general foreman and manager, defendant Grimm, who was in charge of the operations in said mill and of the workmen therein engaged, took hold of said belt and negligently and carelessly, and without notice or warning, suddenly threw it to decedent who was standing at the opposite side of the exposed machinery, and commanded and ordered decedent to catch it and prevent the same from being caught in the uncovered machinery. Decedent attempted to comply with the order and command of said foreman, reached out to take hold of the belt as it was thrown to him, when, as he took hold of the belt, it was caught in the uncovered machinery and decedent violently jerked and thrown into the machinery and killed."

The complaint sufficiently charges actionable negligence on the part of Grimm. Griffiths v. Wolfram, 22 Minn. 185; Brower v. Northern Pacific Ry. Co. 109 Minn. 385, 124 N. W. 10, 25 L.R.A. (N.S.) 354; Morey v. Shenango Furnace Co. 112 Minn. 528, 127 N. W. 1134. The contention that the negligent acts stated in the portion of the complaint above quoted are not charged to have been the acts of Grimm but the acts of the company is without merit. It clearly appears that Grimm in fact committed them.

Appellant's contention that a charge of negligence against the defendant company, based upon its failure to guard the machinery as required by statute, is improperly united with the charge of negligence against defendant Grimm, set forth in the portion of the complaint above quoted, is determined adversely to appellants in Mayberry v. Northern Pacific Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754, and Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A.(N.S.) 569. The latter case overrules Trowbridge v. Forepaugh, 14 Minn. 100 (133) upon which appellants rely.

The order appealed from is affirmed.

BROWN, C. J., took no part.