**BURRICHTER v. CHICAGO, M. & ST. P. RY. CO. et al.**

(District Court, D. Minnesota, First Division. August 19, 1925.)

**1. Courts ⬅⟿343—Whether resident was improperly joined as defendant, as affecting removal to federal court, determined by state law.**

Whether resident was improperly joined as defendant, in that complaint stated no cause of action against him, so that removal to federal court was not prevented thereby, must be determined by state law.

**2. Railroads ⬅⟿266—Employee failing to warn liable to person injured, and can be joined as defendant.**

Under Minnesota law, railroad employee's duty to warn persons using public crossing of car's approach is to public as well as to master, and for failure to properly perform, or to perform it at all, he is liable to injured person, and can be joined as defendant in action against master.

At Law. Action by Augusta Burrichter against the Chicago, Milwaukee & St. Paul

Railway Company and another. On plaintiff's motion to remand case to state court. Motion granted.

Samuel A. Anderson, of St. Paul, Minn., for plaintiff.

F. W. Root, C. O. Newcomb, and Arthur C. Erdall, all of Minneapolis, Minn., for defendants.

JOHN B. SANBORN, District Judge. [1, 2] This cause was removed to this court on the claim that the resident defendant, Ed. Ryder, was improperly joined, and that the complaint states no cause of action against him. This question must be determined in accordance with the law as it exists in the state of Minnesota. The defendants' claim is that the defendant Ryder owed no duty to the plaintiff at the time of the accident set out in the complaint, and that therefore there is no cause of action existing in her favor against him. The complaint alleges the collision between a car of the defendant railway company and an automobile in which the plaintiff was riding, and the negligence complained of is the moving of the car over a public crossing in the dark without any light, and without giving any warning of the approach of the car, and without maintaining any proper lookout. It is alleged that at the time and place of collision the defendant Ryder was at or near this crossing with a lighted lantern in his hand, and that he knew of the approach of the car, and that it was about to go over the crossing, and that it was his duty as an employee representing the company to give adequate stop signals with his lantern, and that he carelessly and negligently failed to give any signals, or to take any steps to give notice of the approach of the car, and that he wrongfully failed to keep or maintain any proper lookout, and that the accident was a result thereof.

The case of Mayberry v. Northern Pacific Railway Co. et al., 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754, is authority for the proposition that a joint action against a master and his servant may be maintained, when based upon the negligent or other act of the servant for which the master is liable. In that case the court said, referring to the joinder of causes of action:

"What occurred there, either in committing wrongful acts or negligently failing to take such action or steps as would prevent the injury complained of, amounts to a transaction or transactions, within the meaning of the statute."

In the case of Morey v. Shenango Furnace Co., 112 Minn. 528, 127 N. W. 1134, the action was brought against the employer and his general superintendent. The negligence complained of was the failure of the defendants to employ competent servants, to promulgate and enforce rules, to instruct pitmen of the dangers in coming in contact with levers, and in employing pitmen who could not understand and appreciate the orders given to them. A demurrer was interposed to the complaint. The court said:

"The defendant's demurrer rests on the distinction that the superintendent did not commit a tort on the person of the plaintiff, directly or indirectly, that he was not present when the wrongful act was done, and that any remission in the respects alleged was the clearest sort of nonfeasance. Defendant accordingly appeals to the familiar distinction formerly observed between misfeasance, nonfeasance, and malfeasance, and insists that the court erred in overruling the demurrer. This court has accepted the view that, if a servant owes a duty to a third person and violates that duty, he is responsible because of his wrongdoing, and not because of the positive or negative character of his conduct. Griffiths v. Wolfram, 22 Minn. 185; Jaggard, Torts, 289. Essentially the same question was considered by this court in Brower v. Northern Pacific Ry. Co., 109 Minn. 385, 124 N. W. 10, 25 L. R. A. (N. S.) 354, and determined adversely to defendants there. That concludes defendants here."

In the case of Brower v. Northern Pacific Railway Co., 109 Minn. 385, 124 N. W. 10, 25 L. R. A. (N. S.) 354, the court makes this statement:

"Whether a negligent servant is liable in an action for damages by another servant in the employ of the same master depends upon the common-law obligation to so conduct himself as not to cause injury to another, and does not rest upon any duty imposed by privity of contract."

In the case of Patry v. Northern Pacific Railroad Co. et al., 114 Minn. 375, 131 N. W. 462, 34 L. R. A. (N. S.) 586, the complaint alleged that the railroad company was negligent in failing to patrol its right of way to prevent and extinguish fires, and in not equipping certain locomotive engines with proper spark arresters; that the engineers who were joined as parties defendant failed to inspect their engines before taking them out on the road; and that a section boss, who was also joined as a defendant, was negligent in failing to keep the right of way clear from combustible matter, which resulted in starting the fire which destroyed the property of the plaintiff on premises adjoining the railroad's right of way. The negligence claimed consisted of nonfeasance, rather than misfeasance. The court said:

"Each one of several persons engaged in the same work owes to the others the duty of exercising due care to avoid injury to them. The liability does not rest on any duty imposed by privity of contract, but grows out of the relation which they have assumed to each other. Griffiths v. Wolfram, 22 Minn. 185; Brower v. Northern Pacific Ry. Co., 109 Minn. 385, 124 N. W. 10, 25 L. R. A. (N. S.) 354; Morey v. Shenango Furnace Co., 112 Minn. 528, 127 N. W. 1134. Conceded in Mayberry v. Northern Pacific Ry. Co., 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675 [10 Ann. Cas. 754], where a switchman and an engineer were held liable for injuries to another switchman, all fellow servants. The principle upon which these decisions rest applies to third persons, provided the relation of the parties is such that each is dependent for the safety of person or property upon the exercise of due care by the others."

The court also said:

"The relation of the parties is not limited by the rule of respondeat superior. They were required as servants to comply with the law for the benefit of their employer, but they were also personally required to perform those duties for the benefit of the public."

In the case of Jackson v. Orth Lumber Co., 121 Minn. 461, 141 N. W. 518, the employer and the general manager of the sawmill owned by it were joined. It was charged that certain machinery was negligently left unguarded, and that defendants negligently failed to warn or instruct the plaintiff of the dangers attending work on the unguarded machinery, and failed to furnish him a reasonably safe place in which to perform his work. There were further charges of negligence made against Grimm, the general manager. The court held that the causes of action were properly united, citing Mayberry v. Northern Pacific Ry. Co., supra, and Fortmeyer v. National Biscuit Co., 116 Minn. 158, 133 N. W. 461, 37 L. R. A. (N. S.) 569.

Ruling Case Law, vol. 18, § 274, makes this statement:

"Where a duty rests upon an employee

to perform certain acts for the benefit, not only of the employer, but for the general public as well, it seems to be fully established that for any dereliction resulting in injuries to persons or property the employee must respond in damages."

Section 272 of the same volume contains this statement:

It is the fact that the servant is guilty of a wrongful or negligent act amounting to a breach of duty that he owes to the injured person that makes him liable. It is not at all material whether his wrongful or negligent act is committed in an affirmative or willful manner, or results from mere nonattention to a duty that he owes to third persons, and that it is entirely within his power to perform or omit to perform. There are innumerable actions and conditions presented in the everyday affairs of life that make it the duty of persons so to act as not to harm others. When any person, whatever his position or relation in life may be, fails from negligence, inattention, or willfulness to perform a duty imposed, he will be liable."

In this case the complaint alleges a duty on the part of Ryder to warn persons who might be using the public crossing of the approach of the defendant railway company's car. This duty was not solely a duty to his master, but was clearly a duty to the public as well. For a failure to properly perform, or a failure to perform it at all, he would be liable.