Zimmer, Appellant, *v.* Casey.

.530

Argued December 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Harry A. Gorson,* for appellant.—The real question involved in this appeal is whether the payment of com-

532

pensation has in any way altered the right of one fellow servant to sue another. At common law, it is admitted that the injured party had such right if he could establish negligence: Ross v. Walker, 139 Pa. 42.

The Compensation Act does not in any way limit or deny the right of suit on behalf of the injured employee against his fellow employees: Gallivan v. Wark, 288 Pa. 443.

Appellant is entitled to his common law rights as against the third party. Although he has received compensation from his employer his right to maintain an action against another causing his injury is undisputed.

Recovery may be had against a coemployee: Churchhill v. Stephens, 91 N. J. L. 195; Webster v. Stewart, 177 N. W. 230.

*Layton M. Schoch,* for appellee.—Lit Brothers, employer, and Casey, employee, were in privity; Casey was not a "third person" within the terms or meaning of the Workmen's Compensation Act, and the acceptance by plaintiff of compensation under the act from the employer bars plaintiff of recovery in this suit: Durkin v. Coal Co., 171 Pa. 193.

Fellow employees are in privity with the employer and, where the injuries arise from an act within the course of employment and scope of authority, renders operative the doctrine of respondeat superior: Betcher v. McChesney, 255 Pa. 394; Smith v. Roydhouse, Arey & Co., 244 Pa. 474.

Defendant is not a "third person" with respect to either plaintiff or Lit Brothers; and had the Workmen's Compensation Act not been effective, the rule of respondeat superior would have applied as between the defendant and Lit Brothers.

OPINION BY MR. JUSTICE KEPHART, February 11, 1929:

Zimmer, plaintiff, and Casey, defendant, were decorating upholsterers in the employ of Lit Brothers. They

were sent to do upholstering work at Bethlehem. Lit Brothers' superintendent directed that instead of going by train they should journey in an automobile owned and operated by Casey, the employers, Lit Brothers, to pay the expense of transportation. Whilst thus journeying together to Bethlehem an accident occurred and plaintiff was injured, as he claims, through the negligent operation of the vehicle by Casey. Both parties received compensation from their employer under the Act of June 2, 1915, P. L. 736. Zimmer then brought action against his coemployee, Casey. The trial judge and the court in banc held the acceptance of compensation from the employer precluded plaintiff from recovering, because he was not a third person, under the act, and stood in privity with the master and coemployee. This appeal followed.

At common law, employees of the same master are responsible to each other for injuries occasioned by the other's negligence. "Where two or more persons are engaged in the same general business of a common employer, in which their mutual safety depends somewhat on the care exercised by them respectively, each owes the other a duty resulting from their relation as general servants to exercise such care in the prosecution of their work as men of ordinary prudence would use in like circumstances, and he who fails in that respect is responsible for the resulting physical injury to his fellow servant": 18 R. C. L. 541. The master does not insure them against each other by the mere fact of employing them: Ross v. Walker, 139 Pa. 42, 50.

Coemployees, in their interemployee relation, occupy as to each other the status of independent contractors. They owe the common law duty of due care in the discharge of their duties. Each has a separate contract of employment, though each is paid by the same master. As to the master they may be fellow servants, but as to each other they are not servants. Their relation is separate and independent and if one is injured by the other,

the injured servant may bring an action for damages against the injuring servant.

Does the Compensation Act make a change in this relation or prevent recovery? The act was extensively reviewed in Gallivan v. Wark, 288 Pa. 443, and will not be repeated. It is entitled: "An act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment." The difficulty in the present case arises from a failure to recognize the Workmen's Compensation Act as an instrument intended to effectuate certain purposes in derogation of the common law, where the latter had been found inadequate to accomplish that purpose. As it is in derogation of the common law, it must receive a strict construction, but not such a construction as would in any way fetter its humane purposes. It is an act which provides in all cases (with but few exceptions) the payment of a compensation by the employer to an employee for injuries in the course of employment. The act does not affect the existing common law right to sue the wrongdoer, unless that wrongdoer is the master.

Two classes of damages and redress, therefore, are considered by the act, common law and a newly created statutory right and remedy. Article II of the act rewrites the common law liability of an employer for injuries to an employee in the course of employment. Certain defenses are taken from the employer and the common law class of persons who, through negligence, may cause a compensable injury is enlarged. The article also adds to the hiring employer, the general contractor, as a statutory employer. This was discussed in Gallivan v. Wark, supra. The article presents a revised picture of the old common law liability, or it may be called a new statutory liability as distinguished from the old common law and the fixed compensation liability under the act.

Article III, section 301, has to do with the compensation and the injuries. When the employer and employee accept the article by agreement, the employer agrees to

pay compensation for injuries without regard to negligence according to a fixed schedule. Compensable injuries include all except those arising from personal ill will.

By section 302 (a), the contract between the employer and the employee is implied as a fact unless they reject it in writing. This does not mean the employees in a body may decline; each employee must act separately. The act recognizes an independent status; the agreement considered is a separate contract by the employer with each employee. Section 302 (b), which deals with the principal contractor or statutory employer, makes the same requirement as section 302 (a).

When an injury occurs, the employee receives a compensation standardized by the act, under a given schedule. The compensation is received under the agreement mentioned in section 302 (a) or section 302 (b). The parties to the compensation agreement are the injured employee and the employer: Mayhugh v. Somerset Tel. Co., 265 Pa. 496; Smith v. Yellow Cab Co., 87 Pa. Superior Ct. 143. Compensation under the act does not include all the elements of damages,—for illustration, pain and suffering. Some states hold that the award includes all damages (see Ross v. Erickson Construction Co., 89 Wash. 634, 155 Pac. 153), but most other states hold that it does not. This compensation then is not accepted as a substitute for all damages incurred. Ordinarily, only one action can be maintained for a single wrong at common law, and the right to recover for losses cannot be divided and made the subject of separate suits (Fields v. P. R. R. Co., 273 Pa. 282) but, while we decided in Betcher v. McChesney, 255 Pa. 394, that damages entailed but one compensation for the same injury, and but one action therefor, the Workmen's Compensation Act recognized the right in the injured person of a common law action against a person who himself did the injury and who was not a party to the particular agreement under which it was paid. Section 319, in

recognizing the continuance of the common law remedy, provides that where a third person is liable for the accident in the course of employment, the employer shall be subrogated. While as between master and servant, payment of compensation had the effect of withdrawing from the employee the right to sue the employer for damages at common law, and section 303 states payment "shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation for any injury occurring during the course of employment or to any method of determination thereof," other than that provided, it will be observed that the act does not relieve third parties; the compensation "shall operate as a surrender by the *parties thereto* of their right to compensation in any form for any injury." Who are the parties thereto? This was answered in Gallivan v. Wark, supra,—the master or one standing as master and the injured servant; no others are included in that class.

The difficulty with appellee's position lies in assuming that so-called third parties are only the persons designated by the act as such and a coservant is not a statutory third person. The act makes no attempt to define "third person," and makes no reference to the subject that would disturb the common law conception of third persons or the liability of coemployees to each other for negligent acts. The act may be searched from beginning to end and not a single line will be found dealing with or disturbing the common law relation between coemployees, but one does find situations where the relation is recognized. In article III, section 301, injury in the course of employment is defined as including everything except the act "of a third person intended to injure the employee because of reasons personal to him." An injury to an employee in the course of his employment, by a stranger, is compensated under the act though the injury is occasioned by a third person; but where that injury is the result of ill will, the master is not liable

though the injury is by a third person. "Third person" and "ill will," are the determining factors. Where a servant injures a coemployee because of reasons personal, *if the injuring servant is not a third person* under the act, the master is liable. But we have held the *servant was a third person* and the master was not liable: Cawley v. American Ry. Exp. Co., 276 Pa. 160; McDevitt v. Checker Cab Co., 288 Pa. 394.

The Workmen's Compensation Act does not deal with relations between subcontractors on the same work, any more than with those between coemployees, yet if the lower court's opinion is to stand, subcontractors are no longer liable as independent contractors for the negligence of their servant by which the servant of another contractor is injured. The injury to the status of employees and employers might not be so great if the effect of the opinion of the court below could be limited to the immediate employer. It cannot be so limited because of the act. The difficulty comes when considering other situations. We have a general contractor with his sub- and sub-subcontractors and their various employees all engaged in a common purpose, all paid from funds coming from the general contractor. These employees are all employees of the general or principal contractor or statutory employer. An employee, under the steam heat contract, working under the same general contract with a mechanic, under the plumbing contract, while at work carelessly injures the plumber's mechanic. Under the opinion of the court below, the servants are in privity with each other through the general contractor, the statutory employer (Gallivan v. Wark, supra), and the subcontractor whose employee caused the injury cannot be sued by the injured plumbing mechanic, because the view taken by that court would release the one responsible for the wrong, and hence would release the master. Third party responsibility, as viewed by the act, would thus be limited to cases of total strangers and the right of subrogation likewise limited; if this is correct, al-

most all cases involving third parties are wrong, including Gallivan v. Wark.

The principle in Betcher v. McChesney, 255 Pa. 395, cannot be relied on to sustain the proposition that there can be no further recovery from the injuring servant, after compensation has been paid, simply because the injuring employee has a contract of employment with the master, who has paid compensation to the injured employee. As stated elsewhere, at common law the injuring servant may be in so-called privity, but as to the negligent act, as viewed by the compensation law, he was a third party. What was partly decided in the Betcher Case was that, at common law a judgment having been recovered for an injury, it included all compensation, and there could not be a second suit. We expressed the same idea in Gallivan v. Wark, supra, but we made it emphatic that, while ordinarily suits could not be divided, the Compensation Act created an elective form of compensation, and whatever elements were not covered by the act could be recovered in proper cases at common law or under article II. Appellee's contention finds support in Rasmussen v. Benz (Minn.), 210 N. W. 75, and Matheson v. Minneapolis Street Ry. Co., 126 Minn. 280, 148 N. W. 71, but, as stated in one of the opinions, the clause in the act "engaged in the same or related purposes in operation on the premises" is not contained in the Workmen's Compensation Law of any other state. It certainly is not in the Pennsylvania Act. In any case, it was a suit against a statutory employer.

The compensation law did not write a contract between two servants through the common master. When the term "third party" is mentioned in the Workmen's Compensation Act, it means any person other than the master, or those whom the act makes master, and the employee who is seeking compensation under their agreement. The act is careful to preserve the status of a third person by not defining the term; so the presump-

tion must be that the law as to third persons in every respect stands as it was before the act.

It is urged that, if subrogation is permitted in this particular case, by indirection the effect of the Compensation Act would be annulled. Where one servant injures another servant, and the master is compelled to pay compensation, and the facts are such as would sustain a common law action, there is no doubt the servant who is injured may maintain an action against the injuring servant; and in recovering compensation, the master under the Compensation Act would be subrogated to the extent he was compelled to pay compensation on account of such injury. Where both the injuring servant and injured servant (as in this case) have received compensation, and the statutory agreement expressly stipulates that where the master pays compensation under the act, receipt of such compensation shall operate as a surrender by the parties thereto *of their rights to any form of compensation or damages* for the injury, it is very questionable whether, in view of section 303, the master would be allowed to do by indirection that which he could not do directly; but this has nothing to do with the right of the servant under such circumstances to sue his coemployee and recover damages over and above that sum which the master has paid to him under the act. The Workmen's Compensation Act may to some extent change the legal responsibility of a fellow servant to a master who is compelled to pay compensation in any case for the former's neglect. But in situations like the present, where compensation is paid both injured and injuring employees, whether the right of subrogation exists because of section 303, we need not decide in this case.

Owing to the earnest argument of counsel for appellee and the position taken by the court below that the doctrines of respondeat superior and privity of contract control appellant's rights, we will discuss the question briefly from that viewpoint.

The liability at common law of one servant to another for a negligent act does not spring from a contract between the person injured and the person whose negligence caused the injury, but on a failure to perform a duty imposed by law which results in injury to another. There is no subsisting contract between fellow servants. While one coemployee may hire, direct and discharge another employee, this is done as the representative of the master. He directs the duties to be performed, and where the duty is negligently done so that a coemployee or fellow servant is injured, such an act is in violation of a duty enjoined.

But a coservant is not a party to nor has he any interest in or privity with the other's contract with their common master, nor is it controlling in this action for negligence. Even if it could be deemed a breach of his contract with his master, it would not for that reason exempt him from liability to others injured thereby, provided such misfeasance was a violation of a duty springing from the relation between them. See Hare v. McIntire, 82 Me. 240, 19 Atl. 453, 455. It has been stated in Thompson on Negligence that "the contrary doctrine is not only destitute of sense but it involves a monstrous conclusion that one servant owes no duty of exercising care to avoid injuries to his fellow servants": 2d Thomp. Neg. 1062. See Brower v. Northern Pac. Ry. Co., 109 Minn. 385, 124 N. W. 10. The court below thought the statement in Betcher v. McChesney, 255 Pa. 394, 396, controlled. But in that case, decided on other grounds, it was stated that the master was liable, because of imputed negligence, and his servant, whose act caused the liability, was held responsible over.

Appellee and the court below reason that one who came within the relation of master and servant, where the doctrine of respondeat superior applied, could not be a third person as to another, and hence could not recover under the act. This is implied from 29 Cyc. 477, where it is stated that "where an injury results solely

from the negligent act of a third person who does not stand in such a relation as to render the doctrine of respondeat superior applicable, no liability attaches to the defendant." One of the difficulties with this position is that the circle must be complete, and as between coemployees of the same master the doctrine of respondeat superior does not apply for the negligent acts of either. The effect of the above quoted principle is misconceived; it was illustrating the responsibility of an owner for an injury happening on the premises. It clearly stated that, if the one who caused the injury did not stand in the relation of a servant or one for whose acts the master or owner was responsible, there could be no liability on the part of the owner or the master. That is the law, for the one who caused the injury was a third person. The rule of liability is different between coemployees of the same master.

The judgment of the court below is reversed and a venire facias de novo awarded.

Mr. Justice FRAZER dissented.