CHILDS v. WHITE.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. NEGLIGENCE (§ 1*)—LIABILITY—PRIVITY.

The elements ordinarily necessary to sustain an action for negligence are a violation of duty owing by defendant to plaintiff or the public and injury resulting as a natural consequence thereof, or which might have reasonably been anticipated to result therefrom.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

2. CORPORATIONS (§ 306*)—DIRECTORS—LIABILITY.

Directors of a corporation must use a reasonable degree of care in the performance of the duties pertaining to their office, and this duty they owe not only to existing stockholders, but also to those from whom the corporation may solicit subscriptions for stock or securities.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458; Dec. Dig. § 306.*]

3. CORPORATIONS (§ 306*)—DIRECTORS—LIABILITY.

One who, with knowledge of the insolvency of a corporation at its inception, became a director to facilitate the sale of preferred stock of the corporation, and who negligently permitted a third person to manage the affairs of the corporation, including the sale of stock accomplished by false circulars, false reports to commercial agencies, and the payments of unearned dividends, and false oral statements made personally, of which acts knowledge could have been obtained by a proper performance of the duties of director, failed to perform the duties he owed to a purchaser of stock, and the latter could recover for the damages sustained.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458; Dec. Dig. § 306.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by William H. Childs against H. Kirke White. From a judgment entered on a directed verdict for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Phillips & Avery, of New York City (Edgar J. Phillips, Frank M. Avery, and Earl A. Darr, all of New York City, of counsel), for appellant.

Nicoll, Anable, Lindsay & Fuller, of New York City (John D. Lindsay, of New York City, of counsel), for respondent.

HOTCHKISS, J. In October, 1910, plaintiff purchased from the domestic business corporation of White, Van Glahn & Co. $50,000 of its preferred stock at par. In May, 1911, the company was adjudged a bankrupt. By this action plaintiff seeks to recover his loss from defendant, whom he alleges was continuously a director of the company from its organization in December, 1908, until its failure. In brief, the negligence alleged in the complaint, evidence tending to prove which was given in plaintiff's behalf at the trial, was that defendant, knowing the company to be insolvent at its inception, became a director to facilitate the sale of the company's preferred stock by giving to the company the benefit of his name and his reputation for wealth and business success; that defendant was negligent in the performance of his duties as director, and permitted one Van Glahn to manage all of the company's affairs, including the sale of said stock, which sale was accomplished by false circulars, false reports to one or more commercial agencies, the payment of unearned dividends (see Ottinger v. Bennett, 203 N. Y. 554, 96 N. E. 1123, reversing s. c. on opinion Miller, J., 144 App. Div. 525, 129 N. Y. Supp. 819), false oral statements made by Van Glahn personally, and by other deceitful means, of some of which acts defendant had actual knowledge as to others he had notice of facts which should have put him on inquiry, and that as to all, if defendant had conducted himself with reasonable prudence and had he not practically abdicated all and failed to perform any of his duties as director, he would have known the circumstances under which the stock was being sold, and plaintiff would not have been led into the investment and loss of his money.

[1] The respondent argues that such an action will not lie; that there is no "privity" between the plaintiff, a stockholder, and defendant, a director. Of privity in a strict sense, of course, there is none. Nor is any necessary. But two elements are ordinarily necessary to sustain an action for negligence—a violation of duty owing by one to another or to the public, followed by such an injury as is the natural consequence of the negligent act, or which might reasonably have been anticipated to result therefrom (Per Andrews, C. J., Knox v. Eden Musee Am. Co., 148 N. Y. 441, 461, 462, 42 N. E. 988, 31 L. R. A. 779, 51 Am. St. Rep. 700).

[2, 3] That directors of corporations owe a certain measure of duty not only to existing stockholders, but as well to those from whom the corporation may solicit subscriptions for its stock or securities, and that they are in that behalf bound to use some degree of both diligence and care in the performance of such duties as properly pertain to their office, and are liable for negligence in failing so to do, is a proposition too well established to be now open to dispute. What is due diligence and care varies with the circumstances of each case, and it is impos-

sible to formulate precisely general rules which will cover all states of fact. But that directors are bound to use a reasonable degree of care in the performance of those acts, which, under the circumstances, prudence would fairly seem to require them to perform, is, in the light of the authorities, a lenient statement of the rule of law affecting this subject. See Campbell v. Watson, 62 N. J. Eq. 396, 426, 50 Atl. 120 et seq. The classes of actions in which the duties of directors have been defined have commonly been those based upon deceit or breach of trust. Some have arisen upon rights of action originally accruing to the corporation, but which have been prosecuted in its behalf by stockholders or by receivers; others have been actions brought by stockholders or creditors directly to their own use. But the circumstances under which the action must be pursued in the right of the corporation and those under which it may be brought for the use of the individual plaintiff (see Niles v. N. Y. C. & H. R. R. Co., 176 N. Y. 119, 123, 124, 68 N. E. 142) suggest no distinction so far as the duties of a director are concerned.

While the legal relation which directors occupy toward the foregoing several classes of plaintiffs may not be identical (Briggs v. Spaulding, 141 U. S. 132, 148, 11 Sup. Ct. 924, 35 L. Ed. 662; Dykman v. Keeney, 154 N. Y. 483, 491, 48 N. E. 894), and although the measure of service and attention owing by directors is not the same in all kinds of corporations, there is to be found in many of the reported cases language which upon principle is clearly applicable to an action for negligence against one in the situation of this defendant. Thus in Hun v. Cary, 82 N. Y. 65, 71, 37 Am. Rep. 546, it was said:

"When one deposits money in a savings bank, or takes stock in a corporation, thus divesting himself of the immediate control of his property, he expects, and has the right to expect, that the trustees or directors, who are chosen to take his place in the management and control of his property, will exercise ordinary care and prudence in the trusts committed to them—the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs. When one voluntarily takes the position of trustee or director of a corporation, good faith, exact justice, and public policy unite in requiring of him such a degree of care and prudence, and it is a gross breach of duty—crassa negligentia—not to bestow them."

In McClure v. Wilson, 70 App. Div. 149, 153, 75 N. Y. Supp. 212, 215, in which a receiver of a co-operative life insurance company sought to recover from a director moneys received to the use of the corporation, we said:

"As a director he was chargeable with such knowledge as he gained in that capacity or might have learned by the exercise of reasonable care. He could not blindly shut his eyes to what was transpiring about him and shelter himself behind the claim that he was merely acting in the interest of a friend, and knew nothing of what he was doing."

Upon abundant authority, in People v. Equitable Life Assurance Society, 124 App. Div. 714, 731, 109 N. Y. Supp. 453, the same principle of imputed knowledge and responsibility for nonfeasance and acts suffered to be done because of inattention and lack of care was applied by this court in a statutory action against directors for loss occurring through neglect of duty. The recent case of Rives v. Bart-

lett, 141 N. Y. Supp. 561 (decided May 9th, 1913), was an action of deceit against directors for inducing plaintiff to purchase stock of their corporation. If the views there expressed with respect to the duty and responsibility of directors are applicable in an action of deceit, they certainly apply to the present case. In short, the books are full of cases defining and applying the obligations under which directors of various classes of corporations rest, including their obligations to prospective as well as existing stockholders, and prescribing rules of conduct which it cannot be doubted were violated by this respondent, if he were guilty, of all or some of the acts alleged, and to which the evidence of the appellant was directed.

In view of the fact that there must be a new trial, we refrain from commenting upon the force or effect of the evidence offered at the trial further than to say that we think it was such as entitled plaintiff to have the questions of fact submitted to the jury, and that the direction of a verdict in defendant's favor was error.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.