DOUGLAS CAIRNS and Others, Plaintiffs, *v.* T. COLEMAN DUPONT and Others, Defendants.

Supreme Court, New York County, December 6, 1929.

*Hines, Rearick, Dorr, Travis & Marshall,* for the plaintiffs.

*McNamara & Seymour,* for the defendants duPont and Meeds.

*Albrecht, Maguire & Mills,* for the defendant Wickwire.

*Root, Clark, Buckner, Howland & Ballentine,* for the defendant Bean.

*David B. Cahn,* for the defendant Livermore.

PETERS, J. These are motions by defendants duPont, Bean, Meeds, Livermore and Wickwire to dismiss the causes of action

lettered (c) in the complaint on the ground that none of them states facts sufficient to constitute a cause of action. In the alternative the moving defendants seek to strike said causes of action from the complaint on the ground that they are representative actions and, therefore, improperly united with the other causes of action set forth in that pleading.

The action is brought by ninety-three plaintiffs, each of whom relies on three causes of actions lettered (a), (b) and (c), respectively. The first cause is based upon alleged conspiracy to commit fraud and the second upon alleged fraud with resultant damages. Each of those lettered (c) alleges that the Mizner Development Corporation was organized under the laws of Florida in April, 1925, for the purpose of acquiring certain lands in that State and selling them to the general public in the form of subdivisions and lots; that the moving defendants, prior to August, 1925, caused an investigation to be made into the corporation's affairs, as a result of which they learned that its officers were unreliable and were managing the company's affairs with a reckless disregard of the truth or falsity of representations which they were making to induce the public to buy lots; that said defendants, nevertheless, became directors of the corporation and thus became vested with its conduct, control and management; that after they accepted that office, the corporation, through its officers, agents and employees, in order to promote the sale of its lots — which were unimproved, and, in most instances, uncultivated and of little or no value — conducted an extensive advertising and publicity campaign; that this campaign was based upon false and fraudulent representations that the company had an elaborate program for the development of its properties and that the completion of the program was assured by the possession of ample financial resources and by the backing of social and financial leaders; that the moving defendants, had they exercised reasonable care and diligence, could, would and should have known of the making of the representations referred to and of their falsity, and could and should have recalled and corrected such misrepresentations and prevented their continuance; that said defendants, however, failed to take reasonable action to put a stop to the making of the false representations, and by their *negligent omission* to act enabled the corporation to induce the plaintiffs to pay a substantial sum of money for worthless land, to their damage in a stated sum.

In support of the motions to dismiss it is urged that the directors were under no obligations to the plaintiffs, who were neither stockholders, officers or directors of the corporation.

In *Van Antwerp* v. *Linton* (89 Hun, 417 [General Term, 1st

Dept.]; affd. on opinion below, 157 N. Y. 716) the action had been brought against a corporation and certain of its directors to recover damages for personal injuries to plaintiff resulting from the alleged negligence of the defendants in so erecting a grandstand that it collapsed causing injury to the plaintiff. The director defendants had been elected as a committee of the board of directors to attend to the erection of the grandstand and they had been personally in charge thereof. The court said (at p. 419): "For whatever may be the rule in other jurisdictions, it is conceded that in this State an agent or servant is not liable to third persons for non-feasance. As between himself and his master he is bound to serve him with fidelity, and for a breach of his duty he becomes liable to the master, who in turn may be charged in damages for injuries to third persons occasioned by the non-feasance of the servant. For misfeasance the agent is generally liable to third parties suffering thereby. The distinction between non-feasance and misfeasance has been expressed by the courts of this State as follows: 'If the duty omitted by the agent or servant devolved upon him purely from his agency or employment, his omission is only of a duty he owes his principal or master, and the master alone is liable. While if the duty rests upon him in his individual character, and was one that the law imposed upon him independently of his agency or employment, then he is liable.'"

In *Greenhauer* v. *Sheridan-Brennan Realty Co.* (224 App. Div. 199 [4th Dept.]) plaintiff's intestate, a piano mover, was moving a piano from the building owned by the corporate defendant. The stairs gave way, allowing the piano to fall through to the ground, causing the death of plaintiff's intestate. The action was brought against the corporate defendant, the owner of the building, and an individual who was president, treasurer and general manager of the corporate defendant, to recover damages for the death of plaintiff's intestate. The court said, speaking of the individual defendant (at p. 201): "The proofs show that this authority and agency were entirely as an officer of the corporation and whatsoever was done by him was only in his official capacity and for his principal. His negligence here charged is one of omission, not of commission; of non-feasance, not of misfeasance." And (at p. 202): "In the instant case defendant Brennan acted only for the corporation of which he was an officer. It could only act through some one of its officers; his acts were its acts and not his own; as an individual he had no authority whatever. In that sense only was he its agent. The measure of his liability for negligence is that of misfeasance alone (*Murray* v. *Usher*, 117 N. Y. 542), and as to him, therefore, the judgment must be reversed."

The plaintiffs herein rely upon the case of *Childs* v. *White* (158 App. Div. 1). This case, however, in no way questioned the authority of the cases hereinbefore referred to. It simply applied the rule that directors of a corporation owe a duty to stockholders and prospective stockholders. The reason for the rule is apparent from the case of *Hun* v. *Cary* (82 N. Y. 65), cited in the opinion handed down in *Childs* v. *White* (*supra*).

In *Hun* v. *Cary* (at pp. 70, 71) the court said: " The relation existing between the corporation and its trustees is mainly that of principal and agent, and the relation between the trustees and the depositors is similar to that of trustee and *cestui que trust*. * * * When one deposits money in a savings bank, or takes stock in a corporation, thus divesting himself of the immediate control of his property, he expects, and has the right to expect, that the trustees or directors, who are chosen to take his place in the management and control of his property, will exercise ordinary care and prudence in the trusts committed to them — the same degree of care and prudence that men prompted by self-interest generally exercise in their own affairs."

In other words, one depositing money in a savings bank or taking stock in a corporation divests himself of the control of his property. The directors occupy a fiduciary relationship as to the depositor, the stockholder or the potential stockholder who is about to place his money with the corporation, and consequently the directors are under a duty to them as to the care of their money. In the case at bar, however, such is not the situation for the reason that the plaintiffs did not leave their money on deposit or buy stock in the corporation, but merely purchased land, the same as they might purchase merchandise. The reason for the rule not existing, the rule is not applicable and the case of *Childs* v. *White* (*supra*) is not decisive of the case at bar. In *McClure* v. *Wilson* (70 App. Div. 149, 152), cited in the last-mentioned case, the question involved was whether or not a director was chargeable with certain knowledge gained in such capacity. The case of *People* v. *Equitable Assurance Society* (124 App. Div. 714, 731), cited in *Childs* v. *White* (*supra*), was a statutory action against directors of a corporation, and the case of *Rives* v. *Bartlett* (156 App. Div. 552), also cited as an authority, has since been reversed by the Court of Appeals in 215 New York, 33. I am, therefore, of the opinion that the facts set up in each of the causes of action lettered (c) do not set forth a cause of action, and they should be dismissed. It is unnecessary to consider the alternative motion made by the defendants. Settle order.