ANNA WERRA, as Administratrix, etc., of MICHAEL WERRA, Deceased, Appellant, v. J. TOWNSEND CASSEDY and Others, Respondents.

Second Department, June 13, 1930.

*Ralph Stout*, for the appellant.

*Raphael A. Egan* [*Charles W. U. Sneed* and *Lester H. Marks* with him on the brief], for the respondents.

CARSWELL, J. The plaintiff's decedent was a passenger of the Orange County Traction Company on September 1, 1923. On that occasion, by reason of defective condition of the car upon which he was riding, he received injuries which caused his death. Plaintiff sued the Orange County Traction Company therefor and obtained a judgment for $22,091.50. Execution upon that judgment was returned unsatisfied, whereupon she began this action on May 27, 1929. Three of these defendants are executors under the will of Benjamin Odell, deceased. Benjamin Odell and the other defendants were directors of the Orange County Traction Company on the day plaintiff's decedent was injured. Plaintiff alleges that these directors concealed and failed to disclose that the cars of the traction company on the day in question, and particularly the one upon which plaintiff's decedent was a passenger, were in a dangerous and unsafe condition; that as a consequence of this concealment of dangerous condition, of which these directors were acquainted and of which the decedent was unaware, the decedent used the car to his injury and damage.

The defendants moved to dismiss the complaint: (1) Because the alleged cause of action is barred by the Statute of Limitations, and (2) because the complaint fails to state a cause of action. The Special Term granted the motion. Pursuant to the order thereon, a judgment was entered. Plaintiff appeals from both order and judgment.

The plaintiff claims that the cause of action which she has set out is one in deceit, not one for negligence. She asserts that the Statute of Limitations has not run against a cause of action in deceit. Under the facts in this case it is not necessary to decide whether the complaint sets out a cause of action in deceit rather than in negligence, because it is barred, in either event, under section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919). Whatever the theory of the complaint may be, it is an action for damages for the causing of the death of a decedent by a wrongful act, be that act one of negligence or a wrongful act of a different character. Section 130 specifically provides for an " Action by executor or administrator for negligence *or wrongful act or default causing death* of decedent. The executor

\* \* \* of a decedent \* \* \* may maintain an action to recover damages *for a wrongful act, neglect or default,* by which the decedent's death was caused \* \* \*." The cause of action created by section 130 and its predecessor statutes did not exist at common law. It is solely a creature of statute. This statute specifically relates to negligence. But, stated in the disjunctive, it also concerns a cause of action for " wrongful act or default causing death of decedent." This language, as does the later phrase " damages for a wrongful act," embraces any wrongful death predicated upon facts which do not constitute negligence. The statute which creates this cause of action contains within it a limitation of the time within which it may be prosecuted. It provides: " Such an action must be commenced within two years after the decedent's death." The decedent herein died prior to April 16, 1925. This action was begun on May 27, 1929. It is barred, therefore, by the statute which the plaintiff must necessarily invoke. Accepting plaintiff's own premise and assuming that the cause of action is not one for negligence, the motion to dismiss the complaint was properly granted.

Moreover, the complaint is insufficient in that it does not allege any facts showing a violation of any positive duty owing by these defendants to plaintiff or plaintiff's decedent. The complaint purports to allege that the defendants were guilty of an act of non-feasance. The directors of a corporation may not, as such, be held liable to third parties for an act of non-feasance in connection with the duties which they owe to their principal, the corporation. (*Van Antwerp* v. *Linton,* 89 Hun, 417; affd., 157 N. Y. 716; *Cairns* v. *duPont,* 135 Misc. 278; *Moran* v. *Vreeland,* 81 id. 664.) The principle which controls herein and which relieves these defendants of any claim of a violation of duty for an act of non-feasance to the plaintiff's decedent is stated in *Van. Antwerp* v. *Linton* (*supra*): "As between himself and his master he is bound to serve him with fidelity, and for a breach of his duty he becomes liable to the master, who in turn may be charged in damages for injuries to third persons occasioned by the non-feasance of the servant. For misfeasance the agent is generally liable to third parties suffering thereby. The distinction between non-feasance and misfeasance has been expressed by the courts of this State as follows: ' If the duty omitted by the agent or servant devolved upon him purely from his agency or employment, his omission is only of a duty he owes his principal or master, and the master alone is liable. While if the duty rests upon him in his individual character, and was one that the law inposed upon him independently of his agency or employment, then he is liable.' (*Burns* v. *Pethcal,* 75 Hun, 443.) "

Therefore, the amended complaint was properly dismissed for both of the foregoing reasons.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., RICH, YOUNG, HAGARTY and CARSWELL, JJ.

Order and judgment unanimously affirmed, with ten dollars costs and disbursements.