JOSEPH GRECO, as Administrator, etc., of MARY GRECO, Deceased, Respondent, *v.* S. S. KRESGE COMPANY, Appellant.*

Second Department, July 2, 1937.

*Alfred L. Becker* [*Robert M. McCormick, Andrew Eckel* and *Robert M. McCormick, Jr.,* with him on the brief], for the appellant.

*Sidney M. Lindner* [*Robert M. Lindner* with him on the brief], for the respondent.

* Affg. 161 Misc. 781.

TAYLOR, J. Defendant, in an action for wrongful death (Dec. Est. Law, § 130) appeals from an order which vacated an order dismissing the complaint. It was alleged, as a first cause of action, that plaintiff's decedent wife bought from defendant a pork product under a warranty of fitness (Pers. Prop. Law, § 96, subd. 1); that the product was not as warranted; and that decedent, after eating of it, contracted trichinosis and died. A second cause of action, founded on negligence, was abandoned. At the trial defendant moved, on the pleadings and on plaintiff's opening, for dismissal of the first cause of action on the ground that the Decedent Estate Law did not give plaintiff, as administrator, a cause of action for breach of warranty. The motion was granted, but, on reargument, an order vacating the dismissal and restoring the case to the trial calendar was entered. Defendant appeals from that order.

By the Decedent Estate Law plaintiff has a cause of action for any wrongful act, neglect or default causing decedent's death against any person, natural or corporate, liable to decedent by reason thereof if death had not ensued. (*Werra* v. *Cassedy*, 229 App. Div. 590, 592.) Defendant's breach of warranty was such a cause (a) because it gave decedent a cause of action against defendant under the statute of implied warranties (cut off by her death), and the breach was, therefore, wrongful, and (b) because defendant's breach was a violation of the duty imposed upon it by law to see to it at its peril that the food it sold was sound and wholesome and fit for human consumption. (*Van Bracklin* v. *Fonda*, 12 Johns. 468; *Race* v. *Krum*, 222 N. Y. 410, 413, 414; *Ryan* v. *Progressive Grocery Stores*, 255 id. 388, 392.) Such violation of duty was both a wrongful act and a default.

The order, in so far as an appeal is taken, should be affirmed, with ten dollars costs and disbursements.

HAGARTY, CARSWELL and ADEL, JJ., concur; DAVIS, J., dissents and votes to dismiss the complaint upon the ground it does not state facts sufficient to constitute a cause of action.

Resettled order dated February 16, 1937, vacating an order that dismissed the complaint as to the first cause of action affirmed, so far as appealed from, with ten dollars costs and disbursements.