## CHICAGO & ALTON RAILROAD COMPANY ET AL. *v.* McWHIRT.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 714. Argued January 29, 30, 1917.—Decided March 26, 1917.

A provision in the special charter of a railroad company permitting the grantee to lease its road to any other railroad company "upon such terms as may be mutually agreed upon" is not to be construed as authority for the lessor and lessee to determine what shall be their respective liabilities to third persons who may be tortiously injured in the operation of the road when leased; therefore it creates no contract right which would be impaired by subsequent general legislation rendering the lessor and lessee jointly liable for such torts when committed by the latter, and this quite apart from any power of the legislature to alter or amend the charter.

A state law rendering any railroad company of the State leasing its road to a company of another State liable jointly with the lessee for actionable torts of the latter committed in the operation of the road, does not deprive of due process or deny the equal protection of the laws.

When the plaintiff pleads a case of joint liability under the state law against a resident and a nonresident defendant, the case is not removable from the state to the federal court in the absence of any showing that the defendants were joined fraudulently for the purpose of preventing removal.

187 S. W. Rep. 830, affirmed.

THE case is stated in the opinion.

*Mr. Elliott H. Jones,* with whom *Mr. William C. Scarritt, Mr. Charles M. Miller, Mr. Alfred M. Seddon, Mr. Edward S. North* and *Mr. E. L. Scarritt* were on the briefs, for plaintiffs in error.

*Mr. Patrick Henry Cullen,* with whom *Mr. Thomas T. Fauntleroy* and *Mr. Charles M. Hay* were on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action to recover for personal injuries caused, as was alleged, by negligently backing an engine and cars across a public street in Vandalia, Missouri, without taking any precautions for the safety of persons using the street at the time. The action was against two railroad companies, one incorporated in Missouri and the other in Illinois. The former had constructed and still owned the railroad and the latter was operating it under a lease. A trial resulted in a judgment for the plaintiff, and this was affirmed. 187 S. W. Rep. 830.

The Missouri company was created by a special act in 1859, Laws 1859, p. 400, which was amended, with the company's consent, by special acts in 1868 and 1870, Laws 1868, p. 97; Laws 1870, p. 93. A general and older statute provided that all subsequent corporate charters should be "subject to alteration, suspension and repeal, in the discretion of the Legislature," Rev. Stats. 1855, p. 371, § 7; but these special acts declared that this provision should have no application to them or to the Missouri company. After the Act of 1859 and before it was amended the State adopted a new constitution containing a provision that corporations, other than for municipal purposes, could be formed only under general laws and that these might be altered, amended or repealed; but under the local decisions it is doubtful at least that this provision was applicable to subsequent amendments of charters previously granted, *State ex rel. Circuit Attorney &c.* v. *Cape Girardeau & State Line R. R.,* 48 Missouri, 468; *St. Joseph & Iowa R. R. Co.* v. *Shambaugh,* 106 Missouri, 557, 569; *County of Callaway* v. *Foster,* 93 U. S. 567, 570, and so it may be put out of view. The amendment of 1870, which took effect on March 20th of that year, authorized the Missouri company to lease its road

for a period of years to any other railroad company "upon such terms as may be mutually agreed upon." March 24 of the same year a general statute was enacted which, as locally interpreted, renders any railroad company of that State leasing its road to a company of another State liable jointly with the lessee for any actionable tort of the latter committed in the operation of the road. Laws 1870, p. 91, § 2; *Brown* v. *Louisiana & Missouri River R. R. Co.*, 256 Missouri, 522, 534. Following this enactment the Missouri company leased its road to the Illinois company, and it was under this lease that the latter was operating the road when the plaintiff was injured. In the lease the lessee agreed to pay off and satisfy all lawful claims for damages arising out of its negligence or dereliction of duty while operating the road.

The general statute of March 24, 1870, now embodied in Rev. Stats. 1909, § 3078, was applied in this case over the Missouri company's objection that it could not be so applied without bringing it in conflict with the contract clause of the Constitution of the United States and with the due process and equal protection clauses in the Fourteenth Amendment. The overruling of this objection and the denial of a petition for removal to the federal court are the matters to be reviewed here.

In invoking the contract clause the Missouri company goes upon the theory that the special acts constituting its corporate charter broadly authorized it to lease its road to any other railroad company upon any terms which might be agreeable to both and that, in the absence of a reservation of power to alter, amend or repeal the charter, a later statute qualifying the authority to lease or attaching any condition to its exercise—as by making the company liable for the torts of the lessee committed in conducting the road—necessarily impairs the obligation of the charter contract. While not doubting that any lawful contract contained in the charter is within the pro-

tection of the clause invoked, *Stone* v. *Mississippi,* 101
U. S. 814, 816–817, we find nothing in the charter respecting the liability of the Missouri company for torts
committed by another company to which it commits
the operation of its road under a lease. That subject is
not dealt with in the charter in any way. The provision
that the leasing may be upon such terms as are mutually
agreeable to the parties is not in point, for it obviously
relates to matters which appropriately can be left to the
lessor and lessee, such as their rights and duties as between
themselves, and not to matters of public concern, such as
the rights of third persons to recover for injuries sustained
through the negligent operation of the road under the
lease. As to the latter we think it is plain that no contract
was intended or made by the State and that the matter
remained open to legislative action when the provision
in the Act of March 24, 1870, was adopted. *Texas &
New Orleans R. R. Co.* v. *Miller,* 221 U. S. 408; *St. Louis
& San Francisco Ry. Co.* v. *Mathews,* 165 U. S. 1; *Chicago
& Alton R. R. Co.* v. *Tranbarger,* 238 U. S. 67, 76.

That provision was in force when the lease was made.
It is not inherently arbitrary, is found in the laws of other
States, and applies to all railroad companies of Missouri
which lease their roads to companies of other States. In
these circumstances it neither deprives the Missouri company of its property without due process of law nor denies
to it the equal protection of the laws.

The plaintiff was a citizen of Missouri and, as before
stated, one of the defendants was an Illinois corporation.
The latter sought to remove the case against it into the
federal court upon the ground that the same involved a
distinct and separable controversy between citizens of
different States. But the petition for removal was denied,
and rightly so. Under the local law the case stated in the
plaintiff's pleading was one of joint liability on the part
of the defendants and, for the purpose of passing upon the

petition for removal, this was decisive of the nature of the contro·, ersy, there being no showing that the defendants were fraudulently joined for the purpose of preventing a removal. *Alabama Great Southern Ry. Co.* v. *Thompson*, 200 U. S. 206, 213, *et seq.; Chesapeake & Ohio Ry. Co.* v. *Cockrell*, 232 U. S. 146, 152.

*Judgment affirmed.*