## BENWAY v. MISSOURI–KANSAS–TEXAS R. CO. et al.

District Court, N. D. Oklahoma.    May 5, 1928.

No. 643.

1. **Removal of causes** ⊜⟶29—**Cause of joint liability against residents and nonresidents filed in state court is not removable, in absence of fraudulent joinder.**

Where plaintiff files a case of joint liability under state law against resident and nonresident, it is not removable from state to federal court, unless resident defendant was fraudulently joined for purpose of preventing removal.

2. **Removal of causes** ⊜⟶107(7)—**Under petition and evidence on motion to remand, resident defendants held not employees or agents of nonresident defendant as affects removal.**

Under allegations of plaintiff's petition against resident individuals and nonresident corporation, and evidence on motion to remand cause to state court from which it was removed, *held* that it was clear that the resident defendants were never employed by nonresident defendant, and that the mere acquiescence of its foreman that its cars might be moved by the employees of another, in order that they might place the cars of the other for unloading, in the doing of which plaintiff was injured, did not make such employees agents and servants of defendant corporation, and so did not prevent removal of the cause by it.

3. **Master and servant** ⊜⟶1—**Master and servant relation arises from contract.**

The relation of master and servant arises only out of contract, and to be servant or employed by another is to be engaged in his service, to be intrusted with the management of his affairs, or to be in the discharge of duty.

At Law. Action by C. J. Benway against the Missouri-Kansas-Texas Railroad Company and others. On motion to remand to state court. Motion denied.

Ford & Montgomery, of Tulsa, Okl., for plaintiff.

Remington Rogers and R. V. Lewis, both of Tulsa, Okl., for defendants Kansas City Structural Steel Co. and Sayles.

M. D. Green and Eric Haase, both of Muskogee, Okl., for defendant Missouri-Kansas-Texas R. Co.

KENNAMER, District Judge. The plaintiff was injured while employed by the National Zinc Company to operate a crane or a hoist which transferred ore from a car to the unloading bin near the switching track of the Missouri-Kansas-Texas Railroad Company in the city of Bartlesville. The defendant Kansas City Structural Steel Company had on the switch track three cars of structural steel, located about 100 feet east

of the zinc company's plant. The side track from the bin, where the cars loaded with the steel were located, inclined downward to the point where the plaintiff was working. It is alleged in the petition of the plaintiff that the individual defendants, while engaged as servants and employees of the Kansas City Structural Steel Company, caused said cars to be started westward down the incline without warning the plaintiff, and lost control of the cars, which crashed into the car of ore the plaintiff was assisting in unloading, and, as a result thereof, the plaintiff was caught between the car and the string of cars loaded with steel, and was thereby severely injured.

The action of the plaintiff was instituted in the district court of Tulsa county, Okl., and, on petition of the defendants Kansas City Structural Steel Company, Missouri-Kansas-Texas Railroad Company, and M. S. Sayles, was removed to this court. The petition for removal alleges that all the individual defendants except M. S. Sayles, on the date of the alleged injury, were solely and entirely in the employ of the National Zinc Company, and fellow servants of the plaintiff; that Sayles was employed by the Kansas City Structural Steel Company.

It appears from the evidence introduced on the hearing of the motion to remand that the individual defendants herein, Welch, Adams, Cooper, and Todd, were all employed by the National Zinc Company in unloading cars of ore, and, in order to place the cars of ore near the ore bins, obtained permission of Sayles, as foreman of the Kansas City Structural Steel Company, to move the cars of steel in order to place certain cars of ore near the ore bins.

It is the contention of the plaintiff, because of the consent given by Sayles that the cars of steel might be moved in order that the cars of ore of the National Zinc Company be placed for unloading, that these individual defendants, Welch, Adams, Cooper, and Todd, in moving the cars of steel, were temporarily employed by the Kansas City Structural Steel Company, and that for the negligence of such individual defendants under the doctrine of respondeat superior the plaintiff may maintain a joint cause of action against all the defendants. See Coalgate v. Bross, 25 Okl. 244, 107 P. 425, 138 Am. St. Rep. 915.

[1] The rule well established by the authorities is that the defendant has no right to say that the action will be separate which the plaintiff elects to make joint. It is equally as well established that separate defendants may, by interposing separate defenses, defeat a joint recovery, but such defendants cannot deprive the plaintiff of the right to prosecute his own suit to a final determination in his own way. The subject-matter of the controversy is whatever the plaintiff declares it to be in his pleading. Little v. Giles, 118 U. S. 596, 7 S. Ct. 32, 30 L. Ed. 269; Connell v. Smiley, 156 U. S. 335, 15 S. Ct. 353, 39 L. Ed. 443. Where the plaintiff files a case of joint liability under the state law against a resident and a nonresident defendant, the case is not removable from the state to the federal court unless the resident defendant was fraudulenty joined for the purpose of preventing removal. Chicago & Alton Railroad Co. et al. v. McWhirt, 243 U. S. 422, 37 S. Ct. 392, 61 L. Ed. 826.

[2] However, in this case it is clear from the allegations of the plaintiff's petition and the evidence heard on the motion to remand that the individual resident defendants were never employed by the Kansas City Structural Steel Company, and the mere acquiescence of Mr. Sayles as the foreman of the steel company that the employees of the National Zinc Company might move the cars in order to place cars of the zinc company in proper place for unloading is insufficient to make such employees agents and servants of the Kansas City Structural Steel Company. The moving of the cars of steel was not for any use or purpose of the steel company, and not the discharging of any duty of the steel company, but the consent given to the zinc company's employees was only for the purpose of permitting them to proceed with the discharge of their duties to their employer, the National Zinc Company.

In the case of Linstead v. Chesapeake & Ohio Railway Co., 48 S. Ct. 241, 72 L. Ed. ——, the equipment and crew of the Cincinnati, Chicago & St. Louis Railway Company were loaned to the Chesapeake & Ohio Railway Company, and, while so employed, were under the immediate supervision and direction of the trainmaster moving certain trains over the Chesapeake & Ohio Railway Company's tracks. It was held that the employees of the Cincinnati, Chicago & St. Louis Railway Company were servants of the Chesapeake & Ohio Railway Company for the performance of the particular job. Clearly this case does not support the contention of the plaintiff, for the reason the employees of the Cincinnati, Chicago, & St. Louis Railway Company were performing a service for the use and benefit of the Chesapeake & Ohio Railway Company. In the instant case the evidence fails to disclose any

service the resident defendants rendered to the Kansas City Structural Steel Company. [3] The relation of master and servant arises only out of contract. New et al. v. McMillan et al., 79 Okl. 70, 191 P. 160; Palmer v. Skelly Oil Co. et al. (Okl. Sup.) 263 P. 440. To be the servant or employed by one is to be engaged in his service, to be intrusted with the management of his affairs, or to be in the discharge of duty. Missouri, Kansas & Texas Railroad Co. v. West, 38 Okl. 581, 134 P. 655.

For the reasons stated, the motion to remand will be denied.