## NELSON v. ARCADE INV. CO. et al.

District Court, D. Minnesota, Third Division.
February 23, 1929.

Converse & Converse, of South St. Paul, Minn., for plaintiff.

Durham & Lystad, of Minneapolis, Minn., and M. Torrison, of St. Paul, Minn., for defendant Yellow Cab Corporation.

SANBORN, District Judge. It appears that the Arcade Investment Company is a Minnesota corporation, and that the Yellow Cab Corporation was organized in Delaware. The action is one for personal injuries, and the claim of the plaintiff is that on the 26th day of January, 1928, she went to the office of her doctors in the Lowry building in the city of St. Paul for treatment; that she engaged the defendant Yellow Cab Corporation to conduct her from the doctors' offices in that building to her residence at South St. Paul; that the cab corporation, pursuant to a long-established custom, accepted her as a passenger, and undertook and agreed, as a common carrier of passengers, to transport her safely from the doctors' offices to her residence; that the only means of egress from these offices to the street was by an elevator to the ground floor of the building, and thence through a revolving door onto the street, where the cab belonging to the cab corporation was waiting to receive her; that the Lowry building was owned and managed by the Arcade Investment Company, and was kept open for the use and convenience of the public generally; that the defective and unsafe condition of the revolving door was due to the negligence of the Arcade Investment Company; that, by reason of its defects, it did not turn or revolve in a smooth and uniform manner, but operated jerkingly; that this condition was known to the defendants, but was not known to the plaintiff; that, as she was being assisted by the cab corporation to its cab, it failed to properly guard and protect the plaintiff from the force of the unevenly revolving door, and, as she was passing through the door, it was suddenly jerked and swung with great force against her, knocking her down and out of the door and onto the sidewalk, whereby she was injured. She asks for damages against both defendants jointly.

The theory upon which this case was removed was that it presented a separable controversy against the Yellow Cab Corporation involving more than $3,000, and is therefore subject to removal, that corporation being a citizen of Delaware.

In the case of Hay v. May Department Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965, the same contention was made. In that case counsel asserted:

"Where a suit for personal injuries is filed in a state court against two defendants, and each is charged with committing separate and distinct acts of negligence, some of which affect only the non-resident defendant and others of which affect only the resident defendant, no joint cause of action is stated against the two, and a separable controversy is presented which entitles the non-resident defendant to removal."

The Supreme Court said:

"It is well settled by the decisions of this court, that an action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the

defendants, does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

The following language appears in the case of Chicago & Alton R. Co. v. McWhirt, 243 U. S. 422, 425, 37 S. Ct. 392, 394 (61 L. Ed. 826):

"Under the local law the case stated in the plaintiff's pleading was one of joint liability on the part of the defendants and, for the purpose of passing upon the petition for removal, this was decisive of the nature of the controversy, there being no showing that the defendants were fraudulently joined for the purpose of preventing a removal."

In the case of Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, it was held that the right of a defendant jointly sued with others to remove the case into the federal court depends upon the case made in the complaint against the defendants jointly, and that that right, in the absence of showing a fraudulent joinder, does not arise from the failure of the complainant to establish a joint cause of action. The opinion of Mr. Justice Gray in the case of Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673, is referred to, in which he said:

"It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said: 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' "

See also, Louisville & Nashville R. Co. v. Wangelin, 132 U. S. 599, 601, 10 S. Ct. 203, 33 L. Ed. 473.

■ The question of removability depends upon the state of the pleadings and the record at the time of the application for removal. The case which the plaintiff makes in his complaint is to determine the separable character of the controversy for the purpose of deciding the right of removal. Alabama Great Southern Ry. Co. v. Thompson, supra, pages 215, 216, of 200 U. S. (26 S. Ct. 161).

■■ It is asserted that the cause of action against the defendant cab corporation arises out of a breach of the contract to safely transport, while the cause of action against the Arcade Investment Company arises out of its failure to perform the duty of maintaining a reasonably safe means of ingress and egress to its building for those who were invited to enter. It is obvious, however, that the plaintiff claims that each of these defendants failed to use the care which the law required of them, and that her injuries occurred as a direct result of the concurrent negligence of both. It is not material whether the negligence of one was an act of misfeasance and the negligence of the other an act of nonfeasance. Burrichter v. Chicago, Milwaukee & St. Paul Ry. Co. et al. (D. C.) 10 F.(2d) 165.

While the question is certainly not free from doubt, I reach the conclusion that there is no separable controversy existing between the plaintiff and the Yellow Cab Corporation which it is entitled to remove to the federal court.

The motion to remand is granted.