414

## SCOTT–MacGEORGE BLDG. CO. v. CITY OF SEATTLE et al.

### No. 20569.

District Court, W. D. Washington, N. D.

Nov. 7, 1931.

This action was commenced in the state court to recover from the defendants damages sustained by reason of flooding of its basement and damaging its merchandise. It states, in substance, that the city maintains along the property of the plaintiff, beneath the sidewalk, a large water main of high pressure; that a six-inch water main runs from a near fire hydrant to the main water main; that the defendant Western Union Telegraph Company, under franchise of the defendant city, maintained a large conduit for carrying its telegraph wires and large manhole for the purpose of providing a means of ingress and egress thereto; that the gas company maintains beneath the surface located immediately above the six-inch water main a large gas main, under like franchise; that on or about the 16th day of March, 1931, the six-inch water main "broke," flooding the basement of the plaintiff's property, to its great damage; "that the break in the said City of Seattle's six inch water main * * * resulted from and was caused by the wrongful, careless and negligent acts and omissions of the said defendants, and each of them, their agents and employees, as aforesaid, in the following particulars, to-wit: (1) In that the said City of Seattle wrongfully, carelessly and negligently installed, maintained and permitted a water main of insufficient strength to withstand the pressure therein and the strain placed thereon." (2) Among other things, that the said water main was permitted to sag or drop to a lower level, etc. (3) That the city permitted the gas company to maintain immediately over the said water main a large gas main, so that the weight of the gas main rested upon the water main, etc. (4) Permitted the telegraph company to construct a heavy manhole adjacent to the six-inch water main in such a manner that the weight of the manhole rested upon the gas pipe and conduit of the telegraph company and caused the gas pipe and said conduit to sag, placing undue strain on the water main, contributing to the breaking, and that the defendant city permitted the manhole to be constructed without a proper foundation so that it settled and subjected the water main to undue strain, contributing to the breaking and bursting thereof. (5) Negligently permitted the hydrant to sag and drop to a lower level, placing excess strain upon the resisting tensile strength of the main. (6) Failed to safely guard against the breaking of said water main. (7) Wrongfully permitted the gas company and the telegraph company to lay the gas main and construct the manhole within too close proximity of the water main leading from the fire hydrant to the large main. (8) Failed to inspect said water main and to maintain the same in proper condition. (9) Defendant telegraph company wrongfully constructed a large manhole immediately adjacent to the water main leading to the hydrant, so that the same incased the gas main of the defendant gas company and across the six-inch water main in such a manner that the weight of the manhole rested upon the gas pipe and conduit of the telegraph company and caused the gas pipe and conduit to sag and settle upon the six-inch water main, placing undue strain thereon, causing and contributing to the breaking, etc. (10) That the telegraph company wrongfully constructed and maintained its conduits without sufficient clearance above the six-inch water main.

(11) That the telegraph company wrongfully constructed and maintained the concrete and brick manhole within too close proximity of the said six-inch water main. (12) That the telegraph company constructed the manhole so that the same completely incased the gas pipe, in settling the entire weight of the manhole rested upon the gas pipe, causing the gas pipe to settle upon the water main, thereby subjecting it to undue strain and contributing to the break, etc. (13) That the telegraph company wrongfully constructed and maintained the manhole so that the same sagged and settled, causing the gas main and the telegraph conduit to settle and rest upon the six-inch water main, subjecting it to undue strain, and causing and contributing to the breaking. (14) That the Seattle Gas Company wrongfully constructed and laid its gas pipe within too close proximity over the said water main leading from the said fire hydrant to the said large water main, so that the entire weight of the gas main was supported by the water main leading from the fire hydrant, placing an undue strain thereon and aiding and contributing to the bursting, etc.—all to the damage of the plaintiff, as set out in exhibit to the complaint attached.

The telegraph company removed the case to this court on diversity of citizenship and separable controversy, jurisdictional amount being sufficient. Remand is sought.

Bronson, Jones & Bronson, of Seattle, Wash., for plaintiff.

McMicken, Ramsey, Rupp & Schweppe, of Seattle, Wash., for defendant Western Union Telegraph Co.

A. C. Van Soelen, Corp. Counsel, Walter L. Baumgartner, Asst. Corp. Counsel, and Charles V. Hoard, all of Seattle, Wash., for defendant City of Seattle.

NETERER, District Judge (after stating the facts as above).

The weight of the manhole on the gas main and the weight of both upon the water main of "insufficient tensile strength" caused the break. No deduction from the complaint states a cause of action against the telegraph company, disassociated from the other defendants. Nowhere does it appear, even inferentially, that the conduit or the manhole, or any act of the telegraph company, of itself, caused the injury. It was the concurrent acts of all. It was the combined weight of the manhole and the gas main and the proximity of each to the water main and each other, negligently placed by defendants separately as to their appliances, and the insufficient strength of the water main to resist the added burdens, the concurrent act of all, that brought the result. The degree of negligence is immaterial as to jurisdiction. It is enough if the injury was caused by the direct, common, concurrent, and joint co-operation of all the appliances of the defendants, which were constructed in dangerous proximity to each other, of insufficient strength and insufficient base of support. Citations are deemed unnecessary. The allegations of the complaint control. The last expression of the Supreme Court is conclusive. In Hay v. May, etc., Co., 271 U. S. 318, at page 321, 46 S. Ct. 498, 499, 70 L. Ed. 965, the court says: "It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal. [Citing cases.]"

Remand is granted.