**FERRIS v. WRAY et al.**

No. 6342.

District Court, W. D. Oklahoma.

Jan. 21, 1938.

136

—◆—

Fred E. Suits, of Oklahoma City, Okl., for plaintiff.

James C. Cheek, of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

The plaintiff, as administrator of the estate of Warren A. Ferris, deceased, brings this action against Otto Wray, Emmitt Meeks, and Employers Casualty Company, a corporation, defendants.

The defendant casualty company is made a party defendant by virtue of a liability insurance bond issued by it to the defendant Otto Wray at the time Wray was granted a license to operate a motor freight line in the state of Oklahoma. The defendant casualty company removed the cause to this court on the theory that the cause of action pleaded against it constituted a separable controversy, and the plaintiff has filed his motion to remand.

The plaintiff alleged in his first cause of action that the deceased was injured because of the negligence of the defendant insured, and that the casualty company bound itself to make compensation for injuries to or death of persons, or loss and damage to property resulting from the operation of any such motor carrier for which such carrier is legally liable.

The section of the Oklahoma statute involved is section 4, chapter 156, Session Laws of 1933, 47 Okl.St.Ann. § 169, which, after providing for the giving of an insurance bond as a prerequisite to the issuance of a certificate of convenience and necessity, further provides: "Which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable; provided, that said Commission, may, in its discretion, relieve any motor carrier herein classified under class 'C,' from the obligation of filing such public liability and property damages bond. A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

The Supreme Court of Oklahoma in Enders et al. v. Longmire, 179 Okl. 633, 67 P.2d 12, quoting from the syllabus, said:

"1. A joint action may be maintained against a motor carrier and his liability insurance bondsman, under the provisions of section 3708, O.S.1931, as amended ·by section 4, chapter 156, of the act of the Legislature approved April 12, 1933 (47 Okl.St. Ann. § 169), and it is not necessary that the cause of action against them be divided and the liability of each set out in separate counts.

. "2. Under the above statutes, a motor carrier and his liability insurance bondsman are jointly liable to make compensation for injuries to persons resulting from the operations of such motor carrier, the liability being created by statute, and such an injury constitutes one cause of action against the

joint defendants and not a separate cause of action against each of them.

"3. Under the above statutes, when a motor carrier files with the Corporation Commission a liability insurance bond as a prerequisite to the issuance to it of a certificate of public necessity and convenience, and thereby procures the issuance of such a certificate by the Corporation Commission, neither the motor carrier nor its liability insurance bondsman may successfully contend that such bond limits the liability imposed by the statute, except only as to amount.

"4. Under the above statute, a liability insurance bond filed with the Corporation Commission as a prerequisite to the issuance to the motor carrier of a certificate of public necessity and convenience, not expressly obligating the bondsman to make compensation for injuries to persons resulting from the operations of said motor carrier, must be construed to include the statutory requirements therefor, and the motor carrier and his bondsman, having procured the issuance of a certificate of public necessity and convenience by the filing of such bond, are estopped from asserting any defense alleged to be allowable under the bond but in contravention to the liability created by said statute."

In this opinion the Supreme Court reviews its former opinions construing the statute of which the Act of 1933 is amendatory, and for the purposes of this decision it is not necessary for this court to review those decisions. The statute provides that, "after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same."

The bonding company contends that a judgment against the carrier was necessary before an action could be maintained against it, and prior decisions of this court and of the Eastern District of Oklahoma have supported that contention. Without reflecting in the slightest upon the Supreme Court of the State of Oklahoma, this court is of the opinion that that conclusion is the most reasonable conclusion that can be reached by a proper interpretation of the statute itself, but this is a state statute that we are construing, and there are certain fundamental rules of procedure which the federal courts have always recognized: First, a state statute means what the highest court of the state says it means. Second,

the construction of a state statute by the highest court of that state is binding upon the federal courts. These principles of procedure in the federal courts are of long standing and are binding upon this court. The decisions by the Western and Eastern Districts of Oklahoma, above referred to, were rendered prior to the decision of the Supreme Court of Oklahoma, holding the action against both defendants to be a joint action and not a separable one.

In Chicago, Burlington & Quincy Railway Company v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521, the court held, quoting from the syllabus:

"Where, as in Illinois, the lessor railroad company remains liable with the lessee company for torts arising from operation, a plaintiff sustaining injuries may bring an action either separately or against both jointly and in the latter case neither defendant can remove on the ground of diverse citizenship if either is a resident of the plaintiff's State.

"A defendant cannot say that an action shall be several if the plaintiff has a right, and so declares, to make it joint; and to make it joint is not fraudulent if the right to do so exists, even if plaintiff does so to prevent removal."

In Chesapeake & Ohio Railway Company v. Cockrell, Adm., 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544, the court held, quoting from the syllabus:

"Where plaintiff's statement of his case shows a joint cause of action, as tested by the law of the State, the duty is on the nonresident defendant seeking removal to state facts showing that the joinder was a mere fraudulent device to prevent removal."

In Chicago & Alton Railroad Company et al. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826, it was held, quoting from the syllabus:

"A state law rendering any railroad company of the State leasing its road to a company of another State liable jointly with the lessee for actionable torts of the latter committed in the operation of the road, does not deprive of due process or deny the equal protection of the laws.

"When the plaintiff pleads a case of joint liability under the state law against a resident and a nonresident defendant, the case is not removable from the state to the federal court in the absence of any showing that the defendants were joined

138

fraudulently for the purpose of preventing removal."

In Leonard v. St. Joseph Lead Co. et al., 75 F.2d 390, 391, the Eighth Circuit Court of Appeals held, quoting from the syllabus:

"Joinder of defendant is fraudulent as regards removability, if, under state law, facts alleged to show resident defendant's liability could not create joint liability against him and codefendant."

"Well-pleaded allegations of plaintiff's pleading are decisive concerning nature of controversy, in absence of showing of fraudulent joinder to prevent removal."

In Huffman v. Baldwin et al., 8 Cir., 82 F.2d 5, the same court held, quoting from the syllabus:

"In determining removability, whether liability of defendants was joint as claimed by plaintiff or several must be determined by state law."

We therefore are confronted with the decision of the Supreme Court of Oklahoma holding that the liability of the insurance carrier and the insured is joint and not several. To say that a federal court would not be bound by the decision of the highest court of the state, in construing a statute of the state on this question, would be to ignore the uniform holdings of federal courts on this question, and under the decision of the Eighth Circuit Court of Appeals, just quoted, the only basis for removal would be that the defendant insurance company was made a party defendant fraudulently and for the purpose only of defeating the jurisdiction of the federal court. The question of whether or not the defendant insurance company in this case was fraudulently joined seems to be answered by the case of Chicago, Burlington & Quincy Railway Company v. Willard, supra, in which the court reasons as follows:

"It results that, upon the face of the record, the action throughout was proceeded in as a joint action, and that there was no separable controversy in such an action, entitling the Iowa corporation, as matter of law, to remove the case from the state court. And it cannot be predicated of the plaintiff that he fraudulently and improperly made the Illinois corporation a codefendant with the Iowa corporation when such a charge is negatived, as matter of law, by the fact that the plaintiff was, as we have seen, entitled, under the laws of Illinois, where the cause of action originated and within which the road in question was located, to bring a joint action against the Illinois and Iowa companies. Ill. Central R. R. Co. v. Sheegog, 215 U.S. 308, 316, 30 S.Ct. 101, 54 L.Ed. 208. He may have preferred to have the case tried in the state court, just as the Iowa corporation preferred the federal court. But these preferences or motives, not fraudulent or unnatural, were of no consequence. They were immaterial in determining whether the plaintiff had a legal right to bring a joint action against the lessor and lessee companies, and to carry it on in that form to a conclusion."

The court, therefore, is of the opinion that making the insurance company a party defendant, joined with the insured, was not fraudulent but was in accordance with the construction placed upon the statute involved by the Supreme Court of Oklahoma. It is not for this court to say whether or not it would have reached the same conclusion, in construing the state statute, as that reached by the Supreme Court of Oklahoma, but the construction placed upon the state statute by the highest court of the state is binding upon this court.

The motion to remand is sustained.