BUTLER MFG. CO. v. WALLACE & TIER-
NAN SALES CORPORATION et al.

No. 5524.

United States District Court
W. D. Missouri, W. D.

Feb. 26, 1949.

636

Kemp, Koontz, Clagett & Norquist, of Kansas City, Mo., for plaintiff.

Johnson & Davis, of Kansas City, Mo., for defendant Wallace & Tiernan Sales Corporation.

John H. Lucas, of Kansas City, Mo., for defendant Central Storage Co.

Leo T. Schwartz, and John A. McGuire, both of Kansas City, Mo., for defendant Niagara Alkali Co.

RIDGE, District Judge.

A motion to remand this tort action to the State Courts of Missouri, from whence it was removed, on the ground of "separable controversy," is now for disposition.

Plaintiff, a resident of the State of Missouri, claims damages of three defendants, joined in this action. Certain wrongful acts are alleged in the complaint as having been committed by one defendant, a resident of the State of Missouri. Certain other wrongful acts are charged against the other two defendants, who are citizens and residents of states other than the State of Missouri. The cause of action sued on arose in the State of Missouri. It is not alleged in the complaint that the several acts of negligence so charged were joint and concurrent acts. However, it is manifest from the allegations of the complaint that the theory of the plaintiff's case is that all of the separate wrongful acts cooperated, concurred and united in bringing about the damages which it here claims. As to each defendant, the plaintiff specifically alleges that the acts of negligence

charged against that defendant "directly caused the damage to plaintiff's equipment." The damages claimed are singular, in that they are alleged to have accrued to certain personal property which plaintiff had stored in a warehouse, at the time the several separate acts of negligence of the defendants are charged to have been committed. It is clear from the allegations of the complaint that the time and situs of each negligent act charged and the resulting damages claimed were concurrent, and that plaintiff premises its cause of action against the defendants as joint tortfeasors. No question of fraudulent joinder is here involved.

In the State of Missouri, a settled rule of law in tort actions is "that if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury." Harrison v. Kansas City Electric Light Co., 195 Mo. 606, 93 S.W. 951, 956, 7 L.R.A., N.S., 293; Gray v. Kurn, 345 Mo. 1027, 137 S.W.2d 558. In said State, "the injured party may recover for any negligent act directly contributing to his injury, regardless of what other negligent act may contribute, concur, or co-operate to produce the injury," Hild v. St. Louis Car Co., Mo.App., 259 S.W. 838, 841, and is given a cause of action against each person participating in a tort, and may obtain judgment against all tortfeasors, severally or jointly in one or separate causes of action, but he can have but one satisfaction. Myers v. Kennedy, 306 Mo. 268, 267 S.W. 810. It is also a rule in such cases, that proof of negligence is but one step toward a recovery for tort. Another step is to show that the negligence proved caused or contributed to cause the injury. One step without the other is fatal in such actions. Pate v. Big Bend, etc., Mo.App., 138 S.W. 2d 709, loc. cit. 710. Furthermore, Missouri courts hold, that if an act of negligence "is not legally injurious until certain consequences occur, it is not the mere doing of the act that gives rise to a cause of ac-

tion but the subsequent occurrence of damage or loss as the consequence of the act, and therefore, in such case, no cause of action accrues until the loss or damage occurs." State ex rel. Nat'l. Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1066. The foregoing expressions have become axiomatic by repetition in the case law of the State of Missouri. Being pronouncements of substantive law of that State, they are binding on us. Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Consequently, they are to be constantly kept in mind in determining the right of removability of tort actions, arising in the State of Missouri, in light of the present provisions of Section 1441, Title 28 U.S.C.A., Judiciary and Judicial Procedure, effective September 1, 1948.

Section 1441, Title 28 U.S.C.A., relating to Removal of Causes, provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

At the outset, let it be noted that said section has materially and substantially changed the right of removal of actions from State Courts to Federal Courts. As stated in the "Reviser's Notes" to that section, West Publ. Co.—Edward Thompson Co. Edition, p. 1855, "Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts." In light of the fact that subsection (c), supra, has been substituted for the second provision in former Section 71, of Title 28, U.S.C., 1940 Edition, prior case law on the subject of removal of causes, pertaining to the singularness, or separable nature, of "controversies" which were held to give rise to the right of removal can no longer be considered as controlling authorities. "Separate or separable controversies" no longer characterize the right of removal of an action from the State Courts to the Federal Courts. No longer are the courts to be confronted with the perplexing problem of determining the "separate" or "separable" nature of "controversies" as under former removal statutes. The *distinctions which have heretofore been made in the case law between separate and "separable controversies" and which were held to authorize the right of removal are now to be cast into the limbo of rejected and repealed law.

By the provisions of subsection (c) of Section 1441, supra, it is noticed that only "separate and independent claim[s] or cause[s] of action" which "if sued upon alone" now create the right to removability. In light of that mandate in said subsection, it is well in considering the right of removability to keep in mind: What is a claim or cause of action? As said by the Supreme Court in the case of Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of

grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. "The *thing*,. therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince."' "

The rationale of what is there said defining "a cause of action" is equally applicable to the term "claim" as used in subsection (c), supra.

■ Therefore, in considering the right of removability in the case at bar, we must determine from the group of facts stated in the complaint, what legal wrong, or wrongs, are shown to exist which, if true, evinces one, or more than one, "claim or cause of action" as being sued on. If it is found from the group of facts stated in the complaint that they are consistently and logically connected with only one such claim, then no right of removal here exists. No longer can a single claim sued on, be separated into parts so as to effect a removal of a single claim or cause of action from a State to a Federal Court. Cf. Moore's Fed. Prac., Vol. 3, p. 3505. Henceforth, if defendants are properly joined, and the liability asserted against them, whether several or joint and several, relate to the single claim sued on, then their liability therefor cannot be separated so as to authorize removal of a cause. Only separate and independent claims joined in one action, which if sued on alone and within the original jurisdiction of United States District Courts are now subject to removability. In the instant case, it appears that the complaint charges a cause of action for damages caused at a singular time and place by separate wrongful acts of defendants. In light of the substantive law of the State of Missouri, the complaint can only be construed to charge joint and several liability against the defendants. Consequently, no right of removal exists because of the existence of "a separate and independent claim or cause of action" as

asserted by the removing defendant, regardless of the negligent acts alleged against it. Pullman Co. v. Jenkins, 305 U. S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Chicago & A. R. Co. v. McWhirt, 243 U. S. 422, 37 S.Ct. 392, 61 L.Ed. 826. Plaintiff could, as the removing defendant admits, have sued it on that cause of action, separately. Plaintiff did not elect to do so. Plaintiff having a right of action against each of the defendants herein for their separate acts of negligence which combined to bring about the damages claimed, its motive in joining of defendants who caused such damage is immaterial. Martin v. Norfolk & W. Ry. Co., 4 Cir., 43 F.2d 293.

In a state which authorizes the recovery of damages for a single injury which is the proximate result of separate and independent acts of negligence, of two or more parties, and subjects the tortfeasors, even in the absence of community of design or concert of action, to a liability which is both joint or joint and several, as does the laws of the State of Missouri, no right of removal can possibly exist in such actions. In the very nature thereof, there can be no "separate and independent claim or cause of action." Where the substantive law of a state so provides, it matters not whether one defendant is charged with misfeasance or nonfeasance, or that different degrees of negligence are charged in the commission of the tort. Nelson v. Arcade Inv. Co., D.C., 30 F.2d 695; Scott-Mac-George Bldg. Co. v. City of Seattle, D.C., 56 F.2d 414. Under such law, if the theory of plaintiff's complaint is that there is a community of wrongdoing which caused the injury or damage, and, excepting cases in which it can be said that the plaintiff has fraudulently or wrongfully joined a defendant in order to defeat removal, then there is only one claim or cause of action evinced. Chicago, R. I. & P. R. Co. v. Dowell, 229 U. S. 102, 33 S.Ct. 684, 57 L.Ed. 1090; Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. In such cases, if the elements of negligence constituting the cause of action give rise to a single recovery of damages, then the defendants sued thereon, whether jointly, or jointly and severally liable to plaintiff,

cannot be separated so as to establish a right of removal. Little v. Giles, 118 U.S. 596, 7 S.Ct. 32, 30 L.Ed. 269. The fact that a complaint premised upon such a tort does not allege that the acts of negligence of defendants jointly and concurrently contributed to cause the injury or damage is immaterial. The substantive law which gives rise to the claim or cause of action establishes joint liability of defendants, and a theory of joint liability shown to exist from the mere joinder of tortfeasors and facts alleged constituting the wrong and damages, prevents removal.

■ The removing defendant further contends that the complaint states a "separate and independent claim or cause of action" against it in addition to making allegations of negligence against said defendant; in that plaintiff has stated a separate cause of action in contract as shown by the following language, to-wit, "that said defendant impliedly warranted that said cylinder was in safe condition and that said cylinder could be safely stored in proximity of other property." A terse and very apposite answer to the contention so made by the removing defendant is contained in the language of Chief Judge Wyche, in Bachman v. Seaboard Air Line R. Co., D.C., 80 F.Supp. 976, 979, where it is said:

"It is a familiar canon of construction that a construction of a pleading is to be preferred where reasonably possible which will give effect to all of its material allegations. In the words of a leading case, the court in passing on such issue, must look to 'the substance of the entire pleading.' It will not do 'to take words used in one part of the complaint, and, by separating them from the context and considering them without reference to the complaint as a whole, to draw from them an inference favorable to the defendant's theory, which is opposed to the one deduced from a reading of the whole complaint, and the one which the pleader evidently had in mind in framing it.'

"Nor will the existence of a contractual relationship between parties preclude an action for tort. If it appears that a tort constitutes the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of a breach of contract. The allegation by the plaintiff of contractual relations with the defendant does not necessarily make the action one upon contract, for these matters are often properly joined by way of inducement preliminary to an allegation of facts constituting a tort. Stated somewhat differently, the allegations as to a contract are frequently purely incidental to the cause of action sued on, and referred to, not for the purpose of founding a right to recover for the breach of the contract, but merely as an incident, though a necessary incident, to the commission of the tort claimed to be charged. See, Good v. Hartford Accident & Indemnity Co., D.C., 39 F.Supp. 475, 481, 482, and cases cited therein.

"I am convinced that the allegations related to the contract were merely incidental to the joint cause of action alleged in the complaint, and in no way intended to set up a contract or any cause of action for its breach."

There is no merit to the contention so made by the removing defendant. See also Tayer v. York Ice Mach. Corp., 342 Mo. 912, 119 S.W.2d 240, 117 A.L.R. 1414; McLeod v. Lindy Air Products Co., 318 Mo. 397, 1 S.W.2d 122; Jacobs v. Frank Adams Elec. Co., Mo.App., 97 S.W.2d 849; Shroder v. Barron-Dady Motor Co., Mo. Sup., 111 S.W.2d 66.

Plaintiff's motion to remand is by the Court sustained and this cause is remanded to the State Court of Missouri from whence it was attempted to be removed.