**Eugene L. CROW, Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, et al., Respondent-Appellee.**

**No. 71–1941.**

United States Court of Appeals, Ninth Circuit.

March 24, 1972.

Rehearing Denied April 21, 1972.

Andrew Silverman, College of Law, Tucson, Ariz., for appellant.

Gary K. Nelson, Arizona Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before DUNIWAY, HUFSTEDLER and CHOY, Circuit Judges.

PER CURIAM:

Eugene Crow was convicted by an Arizona jury on two counts of murder in the first degree and on one count of assault with intent to commit murder. He appealed to the state supreme court, which affirmed his convictions. State v. Crow, 104 Ariz. 579, 457 P.2d 256 (1969). He then brought this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district judge denied the petition. We affirm.

■ Crow challenges his conviction on four separate grounds all of which were raised before the Arizona Supreme Court. He first alleges that the evidence at his trial was insufficient to support a conviction for first degree murder. The state supreme court's determination that the evidence was sufficient is presumed to be correct unless the appellant establishes that the state fact-finding process was deficient in one of the ways specified by 28 U.S.C. § 2254(d). Crow has made no such showing.

■ Moreover, the sufficiency of the evidence in a state court cannot be reviewed by a writ of habeas corpus under § 2254, unless the appellant establishes that the record is "so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); Freeman v. Stone, 444 F.2d 113 (9th Cir.1971); Doughty v. Beto, 396 F.2d 128 (5th Cir.1968); Fernandez v. Klinger, 346 F.2d 210 (9th Cir.1965). The evidence against Crow was ample enough to make review by this court inappropriate; his conviction did not violate the Due Process Clause.

■ Crow's second contention is that the trial court erred in allowing his wife to testify. Applying the spousal privilege is a matter of state law, which is not subject to review by this court on a petition for a writ of habeas corpus.

The third contention is that the trial court denied him his right against self-incrimination by refusing to sever the assault count from the murder counts. Crow has failed to show how he was prejudiced when he chose not to exercise the privilege. He does not spell out what disadvantage he suffered by taking the stand at the trial on all three charges. He simply claims that he wanted to take the stand to defend against the murder counts but did not want to testify as to the assault charge.

■ Whatever Crow might believe about the disadvantages of his decision, we feel that a joint trial on all counts was appropriate. The assault of Crow's wife and the murders of her brother and father occurred at the Crow residence within a few minutes of each other. Had separate trials been held, the relevant portions of testimony by Crow at the murder trial could have been introduced at the assault trial. Hale v. United States, 406 F.2d 476 (10th Cir.1969), cert. denied, 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969); Warde v. United States, 81 U.S.App.D.C. 355, 158 F. 2d 651 (1946); Milton v. United States, 71 U.S.App.D.C. 394, 110 F.2d 556 (1940). Neither his testimony at his trial nor the denial of his motion to sever prejudiced Crow's Fifth Amendment rights.

Crow's fourth contention is that the trial court improperly denied his request to give an insanity instruction based upon the model designed by the American Law Institute. Instead, the court gave the instruction based on the M'Naughten definition of insanity, which is used by the Arizona state courts.

■ In Wade v. United States, 426 F.2d 64, 71–73 (9th Cir.1970), this court, sitting in banc, ruled that a modified version of the American Law Institute instruction must be given in federal trials of this circuit. However, this is not a constitutional requirement. The M'Naughten rule is not constitutionally forbidden. Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); see also, Hunt v. Eyman, 405

F.2d 384 (9th Cir.1968). Therefore, no constitutional rights were violated by the trial court's adherence to the Arizona standard of legal insanity based on the M'Naghten rule.

Affirmed.